SCANLON v P & J ENTERPRISES, INC

GILBERT v P & J ENTERPRISES, INC

P & J ENTERPRISES, INC v CHEHL

P & J ENTERPRISES, INC v KEYES

Docket Nos. 110096, 110097, 110098, 110099. Submitted December 5, 1989, at Lansing. Decided February 20, 1990.

Franchisors and franchisees of the "Fantastic Sam's" family hair care system brought actions in the Oakland Circuit Court after a controversy involving the franchise relationship arose between the parties. The cases were consolidated for pretrial proceedings. The trial court, Fred M. Mester, J., denied a motion by the franchisors to compel arbitration pursuant to the terms of the franchise contracts. The franchisors appealed from that order by leave granted. The appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

1. The federal arbitration act governs this action and preempts any conflicting provisions of the Michigan Franchise Investment Law.

2. The appellees' claim of fraud in the inducement of the franchise contracts is an issue which has not been specifically exempted from arbitration by any federal statute.

3. Federal precedent holds that a claim of fraud in the inducement of an entire contract containing an arbitration clause is to be referred to arbitration under the federal arbitration act. Arbitration was required in this case.

Reversed.

1. FRANCHISES — ARBITRATION — FEDERAL ARBITRATION ACT — FRANCHISE INVESTMENT LAW.

The federal arbitration act governs franchise agreement transactions in or affecting interstate commerce; the federal arbitration act preempts any conflicting provisions of the Michigan

REFERENCES

Am Jur 2d, Franchises § 41; Arbitration and Award §§ 6, 8, 9, 57.5.

Claim of fraud in inducement of contract as subject to compulsory arbitration clause contained in contract. 11 ALR4th 774.

Franchise Investment Law; federal and state courts are bound to enforce the substantive provisions of the federal arbitration act (US Const, art VI, cl 2; 9 USC 1-14; MCL 445.1501 *et seq.*; MSA 19.854[1] *et seq.*).

2. FRANCHISES — ARBITRATION — FEDERAL LAW.

Any claim which parties to a franchise contract in or affecting interstate commerce have agreed to arbitrate, including a statutory claim, is a proper subject of arbitration under substantive federal law unless Congress has specifically excepted the issues from arbitration; the issue whether a claim of fraud in the inducement of a franchise contract is arbitrable where the contract makes arbitrable any issue arising with respect to the contract, including a claim of fraud in the inducement of the entire contract, has not been specifically exempted from arbitration by any federal statute.

3. ARBITRATION — FRAUD IN INDUCEMENT OF CONTRACT — FEDERAL ARBITRATION ACT.

Federal courts have uniformly held that a claim of fraud in the inducement of an entire contract in or affecting interstate commerce which contains an arbitration clause is to be referred to arbitration under the federal arbitration act (9 USC 1-14).

*May, Gowing & Simpson* (by *Mary Jo Teel* and *James Fitzgerald, III*), for Carol Scanlon, Kathy Michaels, Cathy Corporation, Rona L. Gilbert, Francine S. Stein, Gilbert & Stein, Inc., Guermeet S. Chehl and Rajvinder K. Chehl, and Daniel S. Keyes.

*Fischer, Franklin, Ford, Simon & Hogg* (by *Arthur J. LeVasseur*), for P & J Enterprises, Inc., Fantastic Sam's International, Inc., and Bernard E. Ely.

Before: BRENNAN, P.J., and MURPHY and CAVANAGH, JJ.

MURPHY, J. These consolidated appeals arise out of a controversy involving the franchise relationship between appellants, the franchisors of the "Fantastic Sam's" family hair care system, and

appellees, some of the franchisees. The agreements entered into by the parties provided for the transfer to appellees of a business plan and right to use in Michigan the registered trademarks of Fantastic Sam's International, including methods, trade secrets, procedures, programs, and systems. Fantastic Sam's International is a Tennessee corporation.

Appellees sued appellants claiming that appellants had violated the Michigan Franchise Investment Law, MCL 445.1501 *et seq.*; MSA 19.854(1) *et seq.*, in connection with selling appellees their "Fantastic Sam's" beauty parlor franchises. Appellees also alleged various common-law claims for breach of contract, fraud, negligence and tortious interference with a business relationship. Appellees sought rescission of the franchise agreements and monetary damages.

The cases come to this Court by leave to appeal granted from an order of the circuit court denying appellants' motion to compel arbitration. The trial court ruled that arbitration was not required and that the parties should proceed to an evidentiary hearing on appellees' claim of fraud in the inducement of the franchise contracts. We disagree.

Although appellees claim there was fraud in the inducement of the franchise contracts entitling them to rescission of the contracts, they do not attack the validity of the agreement to arbitrate in and of itself. Furthermore, at oral argument, counsel for appellees acknowledged there was no claim of fraud in the inducement of the arbitration clause. Thus, the fundamental question in this case is whether a claim of fraud in the inducement of a franchise contract is arbitrable where the contract language provides:

*Any controversy or claim arising out of or relat-*

*ing to this Agreement, or the breach thereof,* shall be submitted to the Detroit Regional Office of the American Arbitration Association for resolution pursuant to its Rules of Commercial Arbitration, and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof.

Because the transfer of marketing expertise from Tennessee to Michigan through the franchise agreement is a transaction in or affecting interstate commerce, the federal arbitration act governs. 9 USC 1-14. See *Southland Corp v Keating,* 465 US 1; 104 S Ct 852; 79 L Ed 2d 1 (1984). The federal arbitration act preempts any conflicting provisions of the Michigan Franchise Investment Law. *Id.* at 10-16. The arbitration clause in this case makes arbitrable any issue arising with respect to the contract, including a claim of fraud in the inducement of the entire contract. *Prima Paint Corp v Flood & Conklin Mfg Co,* 388 US 395; 87 S Ct 1801; 18 L Ed 2d 1270 (1967). Any claim the parties have agreed to arbitrate, including a statutory claim, is a proper subject of arbitration under substantive federal law unless Congress has specifically excepted the issue from arbitration. *Shearson/American Express Inc v McMahon,* 482 US 220, 226-227; 107 S Ct 2332; 96 L Ed 2d 185 (1987); *Mitsubishi Motors Corp v Soler Chrysler-Plymouth, Inc,* 473 US 614, 625-628; 105 S Ct 3346; 87 L Ed 2d 444 (1985). The issue raised in this case has not been specifically exempted from arbitration by any federal statute.

Federal and state courts are bound, under the Supremacy Clause, US Const, art VI, cl 2, to enforce the substantive provisions of the federal arbitration act. *Ultracashmere House, Ltd v Meyer,* 664 F2d 1176, 1180 (CA 11, 1981). Follow-

ing the decision in *Prima Paint, supra,* the federal courts have uniformly held that even a claim of fraud in the inducement of an entire contract containing an arbitration clause is to be referred to arbitration under the federal arbitration act. See *Meyer v Dans un Jardin, S A,* 816 F2d 533, 538 (CA 10, 1987); *Genesco, Inc v T Kakiuchi & Co, Ltd,* 815 F2d 840, 854-855 (CA 2, 1987).

Accordingly, we hold that arbitration was required in this case and that the trial court erred by denying appellants' motion to compel arbitration.

Reversed and remanded for proceedings consistent with this opinion.