KAUFFMAN v THE CHICAGO CORPORATION

Docket Nos. 117155, 125965. Submitted October 12, 1990, at Detroit. Decided February 4, 1991, at 9:00 A.M. Leave to appeal sought.

Keith L. Kauffman, a registered stockbroker, brought an action in the Oakland Circuit Court against The Chicago Corporation, Paul Greening, and Michael Purcell, alleging breach of an employment contract, wrongful discharge, and defamation. The court, Fred M. Mester, J., found that the plaintiff, in registering with the New York Stock Exchange, had agreed to submit to arbitration any claims arising out of the termination of his employment. A final order compelling the arbitration of the breach of contract and wrongful discharge claims was entered, and the plaintiff appealed as of right from that order. The court also entered an order denying the defendants' motion to compel the arbitration of the defamation claim. The defendants appealed by leave granted. The appeals were consolidated.

The Court of Appeals *held*:

1. The federal arbitration act, 9 USC 1-15, governs actions in both the federal and state courts arising out of contracts involving interstate commerce, including disputes between a member of a national stock exchange and its employees if there is a binding arbitration agreement. The plaintiff signed an agreement to arbitrate any claim arising between plaintiff and his firm or customers, as required under the rules governing the New York Stock Exchange. The defendant corporation had the right to enforce the agreement and the trial court did not err in compelling arbitration as a matter of law. That order is affirmed. The trial court properly found that the plaintiff agreed to the arbitration of the claims arising out of the termination of his employment. However, the court erred in failing to order arbitration of the plaintiff's defamation claim.

2. A posttermination defamation claim is arbitrable under NYSE Rule 347 if it involves significant aspects of the employ-

REFERENCES

Am Jur 2d, Arbitration and Award §§ 6, 42.

See the Index to Annotations under Arbitration and Award; Discharge from Employment or Office; Exchanges and Boards of Trade; Stockbrokers.

ment relationship, i.e., those claims which depend upon an evaluation of a party's performance either as a broker or as an employer of brokers during the time of the contractual relationship. The statements at issue relate to the plaintiff's performance, his dealings with customers, and his skills as a manager. The statements therefore are related to the employment relationship and are arbitrable.

3. The defendants did not waive their right to arbitration as a result of their participation in the litigation in circuit court and have not acted inconsistently with their claim of the right to arbitration, requiring reversal of the order denying the defendants' motion to compel arbitration of the defamation claim and remand for entry of an order compelling arbitration of the defamation claim.

Affirmed in part, reversed in part, and remanded.

1. ARBITRATION — FEDERAL ARBITRATION ACT — NATIONAL STOCK EXCHANGES.

The federal arbitration act governs actions in both federal and state courts between a member of a national stock exchange and its employees where there is a binding arbitration agreement; questions regarding the existence of a contract containing a binding arbitration agreement are governed by general contract principles found in state law (US Const, art VI, § 2, 9 USC 1-15).

2. ARBITRATION — NATIONAL STOCK EXCHANGES — POSTTERMINATION DEFAMATION CLAIMS.

Under New York Stock Exchange Arbitration Rule 347 a claim by a stockbroker against a former employer for posttermination defamation is arbitrable where it involves significant aspects of the employee's job performance and the communications at issue are the sort that an employer foreseeingly would make upon an employee's termination.

3. ARBITRATION — FEDERAL POLICY — WAIVER OF RIGHTS.

Federal policy strongly favors enforcement of arbitration agreements; where waiver of a contractual right to arbitration is alleged, the party opposing arbitration must demonstrate knowledge of an existing right to compel arbitration, acts inconsistent with the right, and prejudice to the party opposing arbitration resulting from the inconsistent acts.

*Barlow & Lange, P.C.* (by *Thomas W. H. Barlow* and *Donna A. Lavoie*), for the plaintiff.

*Marietta S. Robinson,* and *Arnstein & Lehr* (by *Michael R. Turoff* and *Hal R. Morris*), for the defendants.

Before: McDONALD, P.J., and HOOD and REILLY, JJ.

McDONALD, P.J. These consolidated appeals arise out of plaintiff's suit for breach of an employment contract, wrongful discharge, and defamation. In Case No. 117155 plaintiff appeals from a June 14, 1989, order making final a February 22, 1989, order compelling arbitration of plaintiff's breach of employment contract and wrongful discharge claims. In Case No. 125965 defendants appeal from a January 17, 1990, order denying their motion to compel arbitration of plaintiff's defamation claim. We affirm in part and reverse in part.

Plaintiff claims the trial court erred in finding he agreed to arbitration of the claims arising out of the termination of his employment. We disagree.

The federal arbitration act, 9 USC 1-15, governs actions in both federal and state courts arising out of contracts involving interstate commerce. *Southland Corp v Keating,* 465 US 1; 104 S Ct 852; 79 L Ed 2d 1 (1984); *Scanlon v P & J Enterprises,* 182 Mich App 347; 451 NW2d 616 (1990). More specifically, disputes between a member of a national stock exchange and its employees are within the federal act if there is a binding arbitration agreement. *Coenen v R W Pressprich & Co, Inc,* 453 F2d 1209 (CA 2, 1972). State courts are bound under the Supremacy Clause, US Const, art VI, § 2, to enforce the substantive provisions of the federal act. *Scanlon, supra.*

The only question presented by plaintiff is

whether he agreed to submit to arbitration all claims arising out of his employment and the termination of his employment. The question regarding the existence of a contract is governed by general contract principles found in state law. Plaintiff signed the Uniform Application for Securities Industry Registration form that included a provision indicating plaintiff's agreement to arbitrate any dispute, claim, or controversy arising between plaintiff and his firm or customers, as required under the rules of any stock exchange. Additionally plaintiff concedes that he registered with the New York Stock Exchange. New York Stock Exchange Arbitration Rule 347 requires arbitration of disputes "arising out of the employment or termination of employment." Because plaintiff admits that he was a broker registered with the New York Stock Exchange, his reliance on *Brown v Merrill Lynch, Pierce, Fenner & Smith, Inc,* 664 F Supp 969 (ED Pa, 1987), is misplaced. Additionally, plaintiff's contention that his employment agreement with the defendant corporation superseded any agreement contained in the securities application must fail. The submission of the application was a pledge that plaintiff would abide by the constitutions, rules and bylaws of any exchange of which he became a member. *Coenen, supra.* Those constitutions, rules, and bylaws in turn constitute a contract by all members of the exchange with each other and with the exchange itself. Together, they evidence an enforceable agreement to arbitrate disputes defined by those rules. *Coenen, supra.* Thus, the defendant corporation, a member of the exchange, had the right to enforce the agreement.

The only issues material to compelling arbitration were whether plaintiff signed the form containing the arbitration agreement and whether

plaintiff registered with one of the exchanges. There being no dispute regarding either of these issues, the trial court did not err in compelling arbitration as a matter of law. MCR 3.602(B)(3).

On appeal, defendants claim the trial court erred in failing to order that plaintiff's defamation claim must be arbitrated. We agree.

The arbitrability of posttermination defamation claims under Arbitration Rule 347 of the NYSE has been the subject of much litigation in the federal courts. See *Fleck v E F Hutton Group, Inc,* 891 F2d 1047 (CA 2, 1989), and cases cited therein. The rule provides as follows:

> Any controversy between a registered representative and any member or member organization arising out of the employment or termination of employment of such registered representative by and with such member or member organization shall be settled by arbitration, at the instance of any such party, in accordance with the arbitration procedure prescribed elsewhere in these rules.

Defendants contend this rule, and the cases construing it, requires arbitration of virtually any claim of posttermination defamation concerning a member-employee by a member-employer. Plaintiff contends the same cases require arbitration only of those claims which arise out of the employment contract or require evaluation of the claimant's performance as a broker. We find defendants' interpretation too broad and plaintiff's too narrow a reading of the cases.

In *Fleck,* the second circuit rejected its own decision in *Coudert v Paine Webber Jackson & Curtis,* 705 F2d 78 (CA 2, 1983), and adopted instead the test developed by the eighth circuit in *Morgan v Smith Barney, Harris Upham & Co,* 729 F2d 1163 (CA 8, 1984). The test previously had

been adopted in the ninth and sixth circuits. *Zolezzi v Dean Witter Reynolds, Inc,* 789 F2d 1447 (CA 9, 1986); *Aspero v Shearson American Express, Inc,* 768 F2d 106 (CA 6, 1985).

This test of arbitrability, as gleaned by the court in *Fleck* from its reading of *Morgan* and *Aspero,* is whether the claim involves significant aspects of the employment relationship, that is, those claims for which resolution depends upon evaluation of a party's performance either as a broker or as an employer of brokers during the time of the contractual relationship. *Fleck,* p 1053. A dispute may be arbitrable under this rule even if it does not involve customer accounts or broker-dealer functions, as long as it raises a significant issue of the claimant's job performance. *Pearce v E F Hutton Group, Inc,* 264 US App DC 246; 828 F2d 826 (1987). The timing of the tort, whether the statements were made during or after the claimant's employment, is relevant to whether the tort arose out of the employment relationship, but is not determinative. *Fleck,* p 1052. The more pertinent inquiry is whether the statements were made during communications of the sort that an employer would foreseeably make upon an employee's termination.

Applying these principles to the facts in this case, we find plaintiff's defamation claim to be arbitrable. The circuit court denied defendants' first motion to compel arbitration of the defamation claim, finding:

> [T]he claim of defamation is so dissimilar to the other three (3) counts that it was not contemplated by the parties when executing the arbitration agreement. . . . It is entirely separate and a distinct cause of action from the Employment Agreement.

This conclusion reflects the court's application of an inappropriate test for determining the arbitrability of the claim. It should be noted that the parties did not refer the court to any applicable case law. Nonetheless, restricting arbitrable issues to those arising out of the employment contract is contrary to federal law which governs this case.

During the hearing on the second motion to compel arbitration, the parties did cite and discuss the applicability of the relevant cases. In denying that motion, the trial court stated:

> This Court is satisfied that there is a serious question as to whether the allegedly defamatory statement as to Plaintiff's alcoholism relates to his employment to come under *Fleck*. Also, the Motion to Compel was made earlier. Because there's been so much activity and intensity in this case since then, it would be unfair to the Plaintiff to send it to arbitration at this late date. Therefore the Motion to Compel is denied.

It appears the court had some doubt about the arbitrability of the defamation claim, and resolved that doubt against arbitration by balancing judicial economy with possible prejudice to the plaintiff. The federal arbitration act does not authorize such a balancing test. Any doubt about the arbitrability of an issue is to be resolved in favor of arbitration. *Moses H Cone Mem Hosp v Mercury Construction Corp,* 460 US 1; 103 S Ct 927; 74 L Ed 2d 765 (1983). Moreover, judicial economy is not an overriding concern. The federal act requires courts to compel arbitration even where the result would be inefficient or involve duplicative proceedings, because the purpose of the act is to ensure judicial enforcement of privately made agreements to arbitrate, not to promote the expeditious resolu-

tion of claims. *Dean Witter Reynolds Inc v Byrd*, 470 US 213; 105 S Ct 1238; 84 L Ed 2d 158 (1985).

Having concluded that the trial court applied the wrong tests in denying defendants' motions to compel arbitration, the question remains whether plaintiff's defamation claim is arbitrable under federal law, that is, whether each alleged statement involves significant aspects of the employment relationship, involving evaluation of plaintiff's performance as a broker or deriving from his occupational duties as a registered representative.

The alleged defamatory statements at issue include comments made by defendants Greening and Purcell that plaintiff was discharged because he had changed positions within the company and breached an agreement to keep the terms of that change confidential, because of his inability to manage women and the personnel turnover the problem caused, and finally because plaintiff had a drinking problem. Although the communications made by the individual defendants may not concern directly plaintiff's handling of accounts as broker, they do relate to his performance of the employment agreement, his dealings with customers, and his performance as a manager. We therefore find them to be significantly related to the employment relationship and, thus, arbitrable.

Finally, plaintiff argues even if the defamation claims were arbitrable, defendants waived the right to compel arbitration by participating in the litigation in circuit court. The trial court's ruling does not expressly find a waiver. Rather, as noted above, it applied a fairness test to the question of arbitrability.

Waiver of a contractual right to arbitration is not favored. *Fisher v A G Becker Paribas Inc*, 791 F2d 691 (CA 9, 1986). Any examination of whether the right to compel arbitration has been waived

must be conducted in light of the strong federal policy favoring enforcement of arbitration agreements. *Moses, supra.* A party arguing there has been a waiver of the right to arbitration bears a heavy burden of proof. The party must demonstrate knowledge of an existing right to compel arbitration, acts inconsistent with the arbitration right, and prejudice to the party opposing arbitration resulting from the inconsistent acts. *Fisher,* p 694. Even accepting the trial court's finding that plaintiff has been prejudiced, there has been no showing that defendants acted inconsistently with their right to arbitration.

Defendants' motion to compel arbitration in this case was their first responsive pleading to plaintiff's complaint. They raised the arbitration agreement as an affirmative defense. They engaged in discovery and brought and responded to motions in the circuit court only after the court erroneously denied their motion to compel arbitration. Their counterclaim for a preliminary injunction, although not referring to their claim that the disputes between the parties were subject to arbitration, asked only for injunctive relief to preserve the status quo, not for money damages for any claimed breach of plaintiff's covenant not to compete. There is no showing on these facts that defendants have at any time acted inconsistently with their claim of right to arbitration. *Rush v Oppenheimer & Co,* 779 F2d 885 (CA 2, 1985). We believe any prejudice suffered by plaintiff in terms of time and expense, although unfortunate, was self-inflicted. *Fisher,* p 698. Plaintiff chose the forum in violation of his agreement to arbitrate disputes. The strong federal policy in favor of enforcing arbitration agreements in transactions affecting commerce requires the conclusion that defendants did not waive their right to arbitration.

We therefore conclude the trial court properly found plaintiff's three claims of breach of an employment contract to be arbitrable, but erred in declining to find plaintiff's defamation claim not to be.

Affirmed in part, reversed in part, and remanded for entry of an order compelling arbitration of plaintiff's defamation claim and staying further proceedings.