**PUBLIC SERVICE CREDIT UNION, Plaintiff–Appellant,**

v.

**H. Gerald ERNEST, Defendant–Appellee.**

**No. 92–1190.**

United States Court of Appeals, Sixth Circuit.

Argued Nov. 12, 1992.

Decided and Filed March 19, 1993.

Robert A. Lusk, George P. Butler, III (argued), Christopher M. Murray (briefed), Keller, Thoma, Schwarze, Schwarze, Dubay & Katz, Detroit, MI, for plaintiff-appellant.

Charles S. Rudy, Robert E. Forrest (argued and briefed), Raymond & Dillon, Southfield, MI, for defendant-appellee.

Before: KEITH, NELSON, and SUHRHEINRICH, Circuit Judges.

KEITH, Circuit Judge.

Public Service Credit Union ("Credit Union") appeals an order compelling arbitration in this RICO action. The Credit Union brings this action against H. Gerald Ernest, its former employee for alleged misuse of funds and falsification of records. For the following reasons, we REVERSE and REMAND this case to the district court.

## I.

Gerald Ernest was employed for 32 years as the General Manager of the Credit Union. In 1986, Ernest informed the Credit Union that he wanted to retire. He subsequently reached a compromise with the Credit Union whereby Ernest agreed to continue to serve as general manager for two years. In addition, both parties signed a "Deferred Compensation Agreement" (the "Agreement"), under which the Credit Union agreed to pay Ernest approximately $3,333 per month for five years and to provide him with disability, death, and retirement benefits for that time. In return, Ernest agreed to provide continued consultation services.

The Credit Union claims that in 1990, it discovered that Ernest and another employee had embezzled money from the Credit Union from 1984 to 1988. The Credit Union filed a complaint on September 20, 1991, alleging that Ernest defrauded the Credit Union during negotiations over the Agreement by representing that he was an exemplary and irreplaceable employee. The Credit Union stated that it would not have entered into the Agreement had it known of Ernest's alleged offenses.

In its complaint, the Credit Union asserted claims for fraud, conversion/embezzlement, recision and restitution, unjust enrichment, breach of fiduciary duty and violations of RICO. The Credit Union argued that the district court had jurisdiction based upon the federal question presented by the RICO claim, and asked the court to exercise supplemental jurisdiction over the remaining claims, pursuant to 28 U.S.C. § 1367.

Defendant filed his answer, asserting a counterclaim and affirmative defenses. He argued, among other things, that the district court lacked jurisdiction over the complaint due to an arbitration clause contained within the Agreement. Prior to filing his answer to the complaint, defendant submitted a demand for arbitration with the American Arbitration Association.

The district court granted Ernest's motion to compel arbitration, concluding that all of the claims raised in the complaint and counterclaim were properly subject to arbitration. The court further held that Ernest did not waive his arbitration rights either by filing a counterclaim or by serving, and then withdrawing, discovery requests. This appeal followed.

## II.

■ The appellant raises a number of issues on appeal. However, this opinion addresses one pivotal issue: whether the district court was required to decide the effect of M.C.L. § 600.5001(2). As this is a question of law, it is subject to de novo review. *Whitney v. Brown*, 882 F.2d 1068, 1071 (6th Cir.1989).

In the district court proceedings, the parties agreed that Michigan statute M.C.L. § 600.5001(2) controlled their agreement to arbitrate. That statute states in relevant part:

A provision in a written contract to settle by arbitration under this chapter, a controversy thereafter arising between the parties to the contract, with relation thereto, and in which it is agreed that a judgment of any circuit court may be rendered upon the award made pursuant to such agreement, shall be valid, enforceable and irrevocable *save upon such grounds as exist at law or in equity for the rescission or revocation of any contract.* Such an agreement shall stand as a submission to arbitration of any controversy arising under said contract not expressly exempt from arbitration by the terms of the contract. Any arbitration had in pursuance of such agreement shall proceed and the award reached thereby shall be enforced under this chapter.

(emphasis added). Here, the district court held that the arbitrators, and not the court, should decide whether the Agreement is voidable because it was induced by defendant's fraudulent misrepresentations.

The district court reasoned that "the overwhelming number of cases, in both federal and state courts, have decided this question in the manner urged by defendant." In reaching this conclusion, however, the district court improperly relied upon a decision interpreting the Federal Arbitration Act, *Scanlon v. P & J Enter. Inc.,* 182 Mich.App. 347, 451 N.W.2d 616, 617 (1990). Since both parties agreed that the Michigan statute controlled their agreement, federal law was simply not applicable to this case.

In addition, the district court mistakenly attempted to distinguish *Horn v. Cooke,* 118 Mich.App. 740, 325 N.W.2d 558 (1982), from its opinion. The *Horn* court held that Michigan law requires the courts to decide whether an agreement to arbitrate exists. *Horn,* 325 N.W.2d at 561. The *Horn* court further stated that a contract is void and unenforceable if induced by fraudulent representations. *Id.* Nevertheless, here the district court stated that the principles enunciated in *Horn* were inapplicable because the arbitration clauses in *Horn* and in the case at bar differed in scope. The *Horn* court, however, did not base its decision upon the terms of the arbitration agreement, but instead reached its decision because Michigan law states that a court should determine whether the arbitration agreement was fraudulently induced. Although the district court attempted to distinguish *Horn* on its facts, its holding was nevertheless binding, requiring the district court and not the arbitrator to determine whether the arbitration agreement was valid. *See Horn v. Cooke,* 118 Mich.App. 740, 325 N.W.2d 558 (1982).

### III.

Based on the foregoing discussion, under Michigan law, the court, and not the arbitrator, must determine whether fraud in the inducement occurred in this case. Accordingly, we REVERSE and REMAND the case to the district court for procedures consistent with this opinion.