ROBERT SIMMEN IV, Plaintiff-Appellant, v. LEHMAN BROTHERS, INC., *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—95—0629

Opinion filed March 20, 1996.

Holstein, Mack & Klein, of Chicago (Robert A. Holstein and Aron D. Robinson, of counsel), for appellant.

Neal, Gerber & Eisenberg, of Chicago (Thomas M. Knepper and Robert J. Kuker, of counsel), for appellees.

JUSTICE CERDA delivered the opinion of the court:

Plaintiff, Robert Simmen IV, appeals from the order of the circuit court of Cook County granting the motion of defendants, Lehman Brothers, Inc., and Don Dalis, to stay proceedings on plaintiff's complaint pending arbitration. Plaintiff, a stock broker, filed a tort action for intentional interference with his economic rights against his former employer and a branch office manager. Plaintiff argues that his complaint arose out of defendants' conduct after his employment as a broker ended and was therefore not required to be arbitrated pursuant to New York Stock Exchange Rule 347.

## I. FACTS

Plaintiff's complaint alleged that he had been employed as a broker selling securities by Lehman, a securities brokerage firm. As part of his employment plaintiff signed a U-4 form, which stated in part:

> "I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the organizations with which I register, as indicated in item 10 as may be amended from time to time."

In May 1993 plaintiff allegedly was allowed to resign. Defendant Lehman Brothers indicated on a National Association of Securities Dealers Form U-5 that plaintiff voluntarily resigned. New York Stock Exchange Rule 345.17(a) required that the reasons for the discharge or termination of employment of any registered person be reported to the New York Stock Exchange on a U-5 form. 2 N.Y.S.E. Guide (CCH) ¶2345.17 (March 1995).

After plaintiff left employment with Lehman, he was offered a position with Prudential-Bache Securities, but the day following the offer plaintiff was advised that the firm could not hire him. Plaintiff allegedly was told that the Prudential firm had called Dalis, plaintiff's supervisor, who allegedly said that Lehman intended to amend the U-5 form "regarding plaintiff's separation." Dalis allegedly had the intent to prevent Prudential-Bache Securities from hiring plaintiff. Defendants never actually amended the U-5 form. Plaintiff claimed injury from the statement and sought recovery for damages to his reputation.

Defendants moved to stay the circuit court proceedings pending

arbitration before the New York Stock Exchange on the basis that plaintiff had agreed that any controversy between him and Lehman arising out of employment or termination of employment be arbitrated. The motion to stay proceedings was based on provisions of both the United States Arbitration Act of 1925 (9 U.S.C.A. § 1 *et seq.* (West 1970)), and the Uniform Arbitration Act as adopted in Illinois (710 ILCS Ann. 5/1 *et seq.* (Michie 1993)).

On January 13, 1995, the trial court granted defendants' motion to stay proceedings pending arbitration. Plaintiff then appealed.

## II. ANALYSIS

Plaintiff argues that the trial court erred in ruling that New York Stock Exchange Rule 347 (NYSE Rule 347) mandated arbitration of his claim because he contends that the arbitration contract was no longer in effect *after* he resigned and because the agreement did not cover claims that arose *after* termination of his employment with Lehman.

■ The stay was granted pursuant to the United States Arbitration Act of 1925, which provides for a stay of the trial of an action involving arbitrable issues (9 U.S.C.A. § 3 (West 1970)) where the arbitration contract evidences a transaction involving commerce (9 U.S.C.A. § 2 (West 1970)). The intent of the Act was to move the parties out of court and into arbitration as quickly and easily as possible. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 22, 74 L. Ed. 2d 765, 784, 103 S. Ct. 927, 940 (1983). Any doubts concerning the scope of arbitrable issues are to be resolved in favor of arbitration. *Moses*, 460 U.S. at 24-25, 74 L. Ed. 2d at 785, 103 S. Ct. at 941. If the Act applies, it is a question of federal law whether an issue is arbitrable. *Schooley v. Merrill Lynch, Pierce Fenner & Smith*, 867 F. Supp. 989, 991 (W.D. Okla. 1994).

■■ NYSE Rule 347 was made applicable to this case by the U-4 form plaintiff signed. The rule provides:

> "Any controversy between a registered representative and any member or member organization arising out of the employment or termination of employment of such registered representative by and with such member or member organization shall be settled by arbitration, at the instance of any such party, in accordance with the arbitration procedure prescribed elsewhere in these rules." 2 N.Y.S.E. Guide (CCH) ¶2347 (March 1995).

NYSE Rule 347 is not limited to controversies occurring during employment. The rule could apply to require arbitration of disputes arising after termination of employment because the rule has broad language that covers controversies arising either out of employment or out of the termination of employment.

The leading case of *Morgan v. Smith Barney, Harris Upham & Co.*, 729 F.2d 1163, 1166-67 (8th Cir. 1984), rejected the timing of the conduct involved in the dispute as dispositive. Plaintiff in that case alleged that another employee stated to plaintiff's former customers that he had caused plaintiff's demise and that he was investigating plaintiff's books, and that he attempted to elicit complaints from plaintiff's former customers. Plaintiff also alleged that his superiors falsely stated that his broker's license was suspended and that plaintiff stole property from the desks of other employees.

The *Morgan* court noted the analysis that tortious conduct arising after termination was not arbitrable for the sole reason that it arose after termination of employment; the court specifically rejected this analysis. *Morgan*, 729 F.2d at 1166-67. Plaintiff's claims in that case implicated his former customers, and the statements concerned the status of his broker's license and his handling of customer accounts. *Morgan*, 729 F.2d at 1167. A primary issue in resolving these claims was the truth of these statements. *Morgan*, 729 F.2d at 1167. The court found that there was a significant relationship between plaintiff's claims and his employment. *Morgan*, 729 F.2d at 1167. The court concluded that other than the count alleging the falsity of statements that he stole property, the dispute arose out of either plaintiff's employment or termination of employment. *Morgan*, 729 F.2d at 1168. No customers or securities agencies were implicated in the theft claim.

Numerous other cases have found claims arising out of various allegedly unlawful conduct occurring after the termination of employment to be arbitrable under NYSE Rule 347. *Saari v. Smith Barney, Harris Upham & Co.*, 968 F.2d 877, 883 (9th Cir. 1992) (former employer stated that plaintiff had stolen money belonging to a client from another employee's desk); *Fleck v. E.F. Hutton Group, Inc.*, 891 F.2d 1047, 1053 (2d Cir. 1989) (former employer made statements impugning plaintiff's work performance and character and made false statements regarding plaintiff's discharge on the U-5 form); *Zolezzi v. Dean Witter Reynolds, Inc.*, 789 F.2d 1447, 1450-51 (9th Cir. 1986) (former employer made statements impugning plaintiff's work performance and character); *Aspero v. Shearson American Express, Inc.*, 768 F.2d 106, 109 (6th Cir. 1985) (former employer made statements, including on U-5 forms, that plaintiff was terminated for rules violations and for compliance problems); *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Thomson*, 574 F. Supp. 1472, 1475-78 (E.D. Mo. 1983) (former employees used confidential information after termination of employment); *Prudential Securities Inc. v. Marshall*, 909 S.W.2d 896, 900 (Tex. 1995) (former employer made false state-

ments about the reasons for the termination of plaintiff and accused him of theft); *Jastremski v. Smith Barney, Inc.*, No. 94—0495—R (S.D. Cal. October 24, 1994) (former employer unlawfully used computer programs developed by plaintiff); *Smith Barney Shearson, Inc. v. Finstad*, 888 S.W.2d 111, 116-17 (Tex. App. 1994) (former employer completed U-5 forms containing incorrect information about the resolution of client complaints against plaintiff, former employer completed false tax forms, and former employer indicated that plaintiff had been fired for cause and had done something illegal); *Neubrander v. Dean Witter Reynolds, Inc.*, 81 Ohio App. 3d 308, 312, 610 N.E.2d 1089, 1091 (1992) (former employer made defamatory statements in letters to clients about plaintiff's departure); *Kauffman v. Chicago Corp.*, 187 Mich. App. 284, 291, 466 N.W.2d 726, 729-30 (1991) (former employer made statements impugning plaintiff's work performance and character); *Moss v. Prudential-Bache Securities, Inc.*, 18 Phila. 436 (1989) (former employer included defamatory information on the U-5 form); *Flanagan v. Prudential-Bache Securities, Inc.*, 67 N.Y.2d 500, 508-09, 495 N.E.2d 345, 349-50, 504 N.Y.S.2d 82, 86-87 (1986) (former employer told plaintiffs' new employer that lawsuits were pending against plaintiffs arising out of their employment, and defendant made defamatory statements in letters to customers); see also *Lewsadder v. Mitchum, Jones & Templeton, Inc.*, 36 Cal. App. 3d 255, 261, 111 Cal. Rptr. 405, 408-09 (1973) (in case involving language similar to NYSE Rule 347, former employer charged plaintiff in a letter with improprieties in connection with his employment). In contrast, in *Dean Witter Reynolds, Inc. v. Ness*, 677 F. Supp. 866, 869 (D.S.C. 1988), claims arising out of a former employee's arrest for returning to the office after his resignation were held not to be arbitrable because they only tenuously related to either employment or termination of employment.

## III. CONCLUSION

It is not dispositive of the arbitrability of plaintiff's complaint that the statement made by plaintiff's former employer to plaintiff's prospective new employer was made after plaintiff left his employment. The resolution of the dispute will include a determination of the circumstances under which plaintiff left his employment. Even if the resolution of the dispute does not significantly involve plaintiff's work performance, plaintiff's complaint significantly relates to his employment. We hold that plaintiff's complaint arose out of his employment and termination of employment within the meaning of NYSE Rule 347 and that his complaint was arbitrable.

The judgment of the trial court is affirmed.

Affirmed.

GREIMAN AND TULLY, JJ., concur.