683 N.W.2d 185 (2004)
261 Mich.App. 417
LEXUS FINANCIAL SERVICES, INC., Plaintiff/Counter-defendant/Appellee,
v.
TROMBLY TINDALL, P.C., Defendant/Counter-plaintiff,
Michael E. Tindall, Defendant/Counter-plaintiff/Appellant,
v.
City of Harper Woods and Harper Woods Police Department, Defendants.
Docket No. 243472.
Court of Appeals of Michigan.
Submitted February 3, 2004, at Lansing.
Decided March 30, 2004, at 9:05 a.m.
Released for Publication June 24, 2004.
*186 O'Reilly, Rancilio, Nitz, Andrews, Turnbull & Scott, P.C. (by Craig S. Schoenherr, Sr., and Susan A. Rancilio), Sterling Heights, for the Appellee.
Tindall & Company, P.C. (by Michael E. Tindall), Mt. Clemens, for Michael E. Tindall.
Before: COOPER, P.J., and O'CONNELL and FORT HOOD, JJ.
O'CONNELL, J.
Appellant Michael Tindall challenges the trial court's determination that his claim against appellee Lexus Financial Services, Inc., should go to arbitration. We reverse in part and affirm in part.
Appellant argues that he never signed an arbitration agreement with Lexus, so his claim belongs in the circuit court. We agree. We recognize that the trial court's order effectively granted summary disposition based on MCR 2.116(C)(7). Therefore, we review de novo this and the other legal questions presented. Maiden v. Rozwood, 461 Mich. 109, 118, 597 N.W.2d 817 (1999).
Appellant's law firm signed a lease for a Lexus vehicle, and the lease included an agreement to arbitrate. The firm defaulted on payments and Lexus repossessed the vehicle with the help of the police and notwithstanding appellant's desperate and clumsy attempt to keep it in his possession. When Lexus sued the firm for payments owed, appellant personally countersued, alleging that Lexus violated his constitutional rights. Appellant then moved to send Lexus's claims to arbitration pursuant to the lease, but refused to arbitrate his counterclaims. When the trial court gave him the choice of having all the claims either tried or arbitrated, appellant agreed to arbitration. Appellant also accepted the car in return for his firm placing in escrow overdue payments and future payments as they became due. He now appeals the court's decision that he must arbitrate his personal claims together with his firm's claims.
When parties have agreed to settle their disputes through federal arbitration, federal policy requires trial courts to compel arbitration and dismiss all arbitrable claims. Kauffman v. Chicago Corp., 187 Mich.App. 284, 287, 292, 466 N.W.2d 726 (1991). A court may only compel arbitration, however, when the parties have expressly agreed to arbitrate their dispute. Horn v. Cooke, 118 Mich.App. 740, 744, 325 N.W.2d 558 (1982). While appellant eventually agreed to arbitrate his claims, it was only when faced with the Hobson's choice of either arbitrating all the claims or trying all the claims, and neither of those options would have been proper. Because we do not find a binding agreement between Lexus and appellant to arbitrate, appellant's personal claims will remain in the trial court. His firm's claims, as well as Lexus's, will go to federal arbitration. While we recognize that appellant's claims, if they possess any legal merit, may be theoretically resolved by the result of the underlying arbitration, the arbitrator's decision alone might not resolve appellant's claims and cannot legally bind him. Horn, supra. Therefore, we must reverse the portion of the trial court's order that sent appellant's personal claims to arbitration.
*187 We will not disturb, however, the trial court's equitable attempt to maintain the status quo by establishing an escrow account pending the arbitrator's decision. Trombly Tindall, P.C., abandoned its challenge to this escrow order by failing to brief the issue.[1]
We also note that appellant's constitutional claims appear to be spurious, and we recommend that the trial court scrutinize them for any merit. If they lack merit, we suggest dismissing them completely and considering sanctions that would properly deter such an abuse of the court's resources and a waste of its time. Sanctions against appellant might also include an appropriate monetary amount that would deter him from abusing the "seven-day rule" by submitting orders that fail to comport in good faith with the court's verbal instructions. We make no decision on the propriety of these actions, leaving that determination to the trial court, which has become most familiar with appellant and his legal tactics.
Reversed in part, affirmed in part, and remanded for disposition consistent with this opinion. We do not retain jurisdiction.
FORT HOOD, J., concurred.
COOPER, P.J.,(dissenting).
I respectfully dissent from the majority opinion in this case.
A careful review of the record indicates that Tindall & Co. purports to be the successor in interest to the lease. This is an impossibility. Defendant Trombly Tindall filed for bankruptcy. Pursuant to federal law, all property in which defendant Trombly Tindall had a legal or equitable interest, including the current lease, became property of the bankruptcy estate.[1] The only party with a right to assign the lease after the commencement of the bankruptcy case was the trustee of the bankruptcy estate.[2] To assign a lease, the bankruptcy estate must first assume the lease.[3] It is clear that neither Tindall & Co. nor Michael Tindall was assigned the lease after the commencement of the bankruptcy case. The estate expressly rejected, and therefore, breached the lease.[4] A rejection does not return the lease to the debtor, or a principal of the debtor.[5] Furthermore, nothing in the record suggests that defendant Trombly Tindall assigned the lease prior to filing for bankruptcy.
A careful review of the record also reveals the perplexing fact that it was appellant who requested arbitration and even requested sanctions against plaintiff for bringing the case in circuit court as opposed to arbitration. As the bankruptcy estate is the only entity with an interest in the lease, the bankruptcy trustee is the only party with standing to assert a claim *188 or defense regarding the lease.[6] Accordingly, if Tindall & Co. and/or Michael Tindall individually are not successors in interest to the lease, they have no standing to assert a defense to an action for repossession, replevin or judicial foreclosure or to request arbitration. They also have no standing to assert a counterclaim and such a claim would, indeed, be spurious.
Once an executory contract or unexpired lease is rejected by the estate, the aggrieved party's claim is treated as if it arose just prior to the commencement of the bankruptcy case.[7] The claim is handled in the bankruptcy court and is paid through the normal administration of the estate.[8] In this case, the bankruptcy court terminated the automatic stay with respect to the current lease, allowing plaintiff to assert its rights under the lease.
It is clear from paragraph 44 of the lease agreement that nothing in the agreement may be construed to prevent plaintiff from seeking repossession, replevin or judicial foreclosure. Plaintiff was not required to arbitrate under the circumstances and no party with standing requested arbitration. Therefore, plaintiff's claims were properly brought in the circuit court.
I would reverse the decision of the trial court. Plaintiff was entitled to seek repossession of the leased vehicle in the circuit court. As the bankruptcy estate failed to request arbitration, and Tindall & Co. and Michael Tindall individually had no standing to make such a request, plaintiff was required to try the case in the circuit court. Michael Tindall kept and used the vehicle throughout this action; therefore, plaintiff was also entitled to the escrow account. I would note from oral arguments that, according to plaintiff, Michael Tindall has now returned the vehicle to Lexus.
Accordingly, since Mr. Tindall was not a party in interest at any time during these proceedings, his counter-claim in circuit court should also be dismissed.
NOTES
[1] The dissent has requested publication of this opinion in order to address the bankruptcy/standing issue. We believe the issue may have merit; unfortunately, the issue was not raised or decided in the lower court nor was it raised in the briefs or at oral argument. Under these facts, we decline to address an issue that has not been briefed. After adequate briefing, the parties may address this issue on remand.
[1] 11 USC 541(a)(1).
[2] The trustee is the representative of the estate. 11 USC 323(a). Therefore, the trustee is the only party with power to control the estate's assets.
[3] 11 USC 365(f)(2).
[4] 11 USC 365(g).
[5] Estate property only reverts to the debtor upon the estate's express abandonment of the property subsequent to court approval. See 11 USC 554.
[6] 11 USC 323(b); 11 USC 558 (the estate has "the benefit of any defense available to the debtor as against any entity other than the estate").
[7] 11 USC 502(g).
[8] Barnett v. Blachura, 242 Mich.App. 395, 401-402, 618 N.W.2d 777 (2000).