## LUCAS v PETERS

Docket No. 157036. Submitted April 19, 1994, at Grand Rapids. Decided June 29, 1994; approved for publication September 1, 1994, at 9:10 A.M. Leave to appeal sought.

Leroy C. Lucas brought an action in the Kent Circuit Court against Leo Peters, alleging tortious interference with an existing contractual relationship. The defendant brought a motion to compel arbitration, alleging that the plaintiff, an account executive who handled the defendant's brokerage account at Shearson Lehman Brothers, Inc., was required to submit to arbitration his claim that the defendant directed Shearson's manager to pay all the commissions from the defendant's account to another account executive who handled the account, despite knowing that the plaintiff and the other account executive had agreed to split the commissions. The court, Dennis C. Kolenda, J., denied the motion. The defendant appealed by leave granted.

The Court of Appeals *held*:

Pursuant to New York Stock Exchange Rule 600(a), the plaintiff was an "associated person" at the time of the present action, and, as such, was required to arbitrate controversies involving alleged misconduct attributed to a customer or nonmember that arises out of the associated person's exchange-related activities. The controversy with the defendant, a customer, arose out of the plaintiff's exchange-related activities. The trial court erred in denying the defendant's motion to compel arbitration.

Reversed.

1. SECURITIES REGULATION — ARBITRATION — FEDERAL ARBITRATION ACT — NEW YORK STOCK EXCHANGE RULES.

The federal arbitration act controls actions in both state and

REFERENCES

Am Jur 2d, Arbitration and Award, § 6; Securities Regulation—Federal, §§ 316, 327, 329, 1101-1103; Securities Regulation—State, §§ 14, 223.

Pre-emption by Federal Arbitration Act (9 USCS § 1 *et seq.*) of state laws prohibiting or restricting formation or enforcement of arbitration agreements. 108 ALR Fed 179.

federal courts; state courts are bound under the Supremacy Clause to enforce the substantive provisions of the act; the arbitration provisions in the constitution and rules of the New York Stock Exchange are sufficient to compel arbitration of disputes covered under the act irrespective of whether they are incorporated into a separate agreement (US Const, art VI, § 2; 9 USC 1-15).

2. SECURITIES REGULATION — ARBITRATION — WORDS AND PHRASES — "ASSOCIATED PERSON" — NEW YORK STOCK EXCHANGE RULES.

New York Stock Exchange Rule 600(a) requires "associated persons" to submit to arbitration any claims or disputes with a customer or nonmember arising out of the business of the associated person in connection with activities as an associated person; an associated person is a person associated with a member as, inter alia, an officer, director, branch manager, or employee of a broker or dealer that is a member (15 USC 78c[a] [18], 78c[a][21]).

*Cholette, Perkins & Buchanan* (by *Bruce M. Bieneman* and *Robert E. Attmore*), for the plaintiff.

*Hertz, Schram & Saretsky, P.C.* (by *Bradley J. Schram, Steve J. Weiss,* and *Karen A. Gould*), for the defendant.

Before: CORRIGAN, P.J., and GRIFFIN and M. W. DRAKE,* JJ.

PER CURIAM. Defendant appeals by leave granted from an order of the circuit court denying defendant's motion to compel arbitration in this action arising out of defendant's brokerage account at Shearson Lehman Brothers, Inc. We reverse.

On June 9, 1992, plaintiff commenced the present action against defendant, alleging tortious interference with an existing contractual relationship. Plaintiff was hired as an account executive at Shearson Lehman Brothers, Inc., in 1984. From

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

1984 until June 1989, plaintiff executed defendant Leo Peters' stock and commodity trading through defendant's brokerage account at Shearson. Plaintiff alleged that in June 1989, he entered into an oral agreement with Chester Lautenbach, Jr., another account executive at Shearson, allowing Lautenbach to handle defendant's account. Under the agreement, both parties would split the commissions generated from the account. Plaintiff further alleged that defendant knew of the parties' agreement but, nevertheless, directed Shearson's manager to pay all the commissions from his account to Lautenbach.

On July 9, 1992, defendant moved to compel arbitration of plaintiff's claim. Defendant argued that plaintiff's employment contract with Shearson as well as the rules of the New York Stock Exchange (NYSE) and the National Association of Securities Dealers (NASD), where plaintiff was registered, required the submission of the claim to arbitration. In denying defendant's motion, the trial court ruled that the arbitration clause contained in the employment agreement was limited to disputes within the expertise of the securities industry. Additionally, the trial court concluded that arbitration was not compelled by the NASD and NYSE rules because such arbitration was limited to disputes arising from the conduct of the broker rather than the customer. Defendant now appeals as of right. We reverse.

Defendant first argues, inter alia, that NYSE Rule 600(a) requires that plaintiff, as an associated person, arbitrate his dispute with defendant.[1] It is

[1] The federal arbitration act, 9 USC 1-15, controls actions in both state and federal courts and "[s]tate courts are bound under the Supremacy Clause, US Const, art VI, § 2, to enforce the substantive provisions of the federal act." *Kauffman v Chicago Corp*, 187 Mich App 284, 286; 466 NW2d 726 (1991). The arbitration provisions of the

undisputed by both parties that plaintiff, as an employee of Shearson, was an "associated person"[2] at the time of the present action. Rule 600(a) of the NYSE requires associated persons to submit to arbitration any claims or disputes with a customer or nonmember "arising in connection with the business of such . . . associated person in connection with his activities as an associated person."

The duty to arbitrate assumed by an associated person under Rule 600(a), where the alleged misconduct is attributed to a customer or nonmember, is limited to only those controversies that arise out of the associated person's exchange-related activities. *Haviland v Goldman Sachs & Co,* 947 F2d 601, 605-606 (CA 2, 1991); *Fleck v E F Hutton Group, Inc,* 891 F2d 1047 (CA 2, 1989); *Paine, Webber, Jackson & Curtis, Inc v Chase Manhattan Bank, NA,* 728 F2d 577 (CA 2, 1984).

Because it is clear that defendant is a customer, arbitration under Rule 600(a) applies only to exchange-related controversies. In the present case, the controversy does arise out of plaintiff's exchange-related activities. The instant dispute is grounded upon an alleged agreement between plaintiff and another account executive at Shearson to split commissions from defendant's brokerage account. Under these circumstances, the trial court erred in denying defendant's motion to compel arbitration.

Our resolution of this issue renders it unneces-

NYSE Constitution and Rules are sufficient to compel arbitration of covered disputes under the act irrespective of whether they are incorporated into a separate agreement. *Paine, Webber, Jackson & Curtis, Inc v Chase Manhattan Bank, NA,* 728 F2d 577, 579 (CA 2, 1984).

[2] The Securities Exchange Act of 1934 defines an "associated person" as "a person associated with a member as, inter alia, an officer, director, branch manager, or employee of a broker or dealer that is a member." *Fleck v E F Hutton Group, Inc,* 891 F2d 1047, 1054 (CA 2, 1989), citing 15 USC 78c(a)(18), 78c(a)(21).

sary to address defendant's remaining claims on appeal.

Reversed.