## BURNS v OLDE DISCOUNT CORPORATION

Docket No. 161465. Submitted April 11, 1995, at Detroit. Decided
August 11, 1995, at 9:05 A.M. Leave to appeal sought.

Herbert Burns brought an action in the Wayne Circuit Court
against Olde Discount Corporation and others, seeking damages
with regard to tort and contract claims. The action was brought
after the plaintiff was acquitted of a criminal charge of embez-
zling from Olde Discount that resulted from an accusation by
the defendants. The defendants brought a motion seeking to
have the entire case submitted to arbitration pursuant to the
rules of the New York Stock Exchange. The plaintiff had
executed a standard uniform application for securities industry
registration with defendants Olde Discount Corporation and
American Brokerage Services, Inc., in which he agreed to
arbitrate all disputes arising in connection with his employ-
ment. The court, Cynthia D. Stephens, J., granted the motion
with respect to the claims against defendants Olde Discount,
Ernest J. Olde, Olde Financial Corporation, and American
Brokerage Services, Inc. The court ruled that the counts seek-
ing damages for malicious prosecution, false arrest, and emo-
tional distress arose outside the employment relationship and
would not be submitted to arbitration with regard to any of the
defendants. The court ruled that public policy dictated against
arbitration of the claims of legal malpractice, defamation, and
tortious interference with a contract against defendant attor-
ney Calvin Klyman. The court also ruled that, because defen-
dant Broker Dealer Services, Inc., was a separate entity and
not a party to any arbitration agreement, the plaintiff's claim
against it would not be arbitrated. The defendants appealed by
leave granted.

The Court of Appeals held:

1. The trial court erred in finding that the plaintiff was not

REFERENCES

Am Jur 2d, Alternative Dispute Resolution §§ 27, 55, 73, 74, 129;
Labor and Labor Relations § 3378.

See ALR Index under Arbitration and Award; Discharge from
Employment or Office; Estoppel and Waiver; Exchanges and
Boards of Trade.

required to arbitrate his claims of false arrest, malicious prose-cution, and emotional distress. A claim of posttermination conduct is arbitrable pursuant to Rule 347 of the New York Stock Exchange, which requires arbitration of controversies between a registered representative and a member organization arising out of the employment or termination of employment of a registered representative, when the claim involves significant aspects of the employment relationship, i.e., if resolution of the claim depends upon an evaluation of a party's performance either as a broker or as an employer of brokers during the time of the contractual relationship. Here, the plaintiff's claims of false arrest and malicious prosecution require inquiry into significant aspects of the plaintiff's employment relationship and are arbitrable. The claim of emotional distress is derivative of the claims of false arrest and malicious prosecution and should be arbitrated.

2. Cases involving liberty interests are not excluded from the broad scope of arbitration clauses.

3. The plaintiff did not sustain his burden of proof with regard to his claim that the defendants waived any right to arbitration as a result of bringing certain prior lawsuits.

4. A nonmember of a national securities exchange can com-pel arbitration of a securities broker's claims pursuant to the rules of the New York Stock Exchange if the dispute is other-wise within the scope of an existing arbitration agreement.

5. The plaintiff's claim against Broker Dealer Services, Inc., a shareholder's direct and derivative action, is otherwise within the scope of the plaintiff's existing arbitration agreement. Arbitration of the claim is required because it involves signifi-cant aspects of the plaintiff's employment relationship.

6. The plaintiff's complaint against defendant Klyman al-leged an activity that arose out of his exchange-related activi-ties and was arbitrable.

Reversed.

1. ARBITRATION — FEDERAL ARBITRATION ACT — NATIONAL STOCK
   EXCHANGES — BINDING ARBITRATION AGREEMENTS.
   The federal arbitration act governs actions in both federal and
   state courts arising out of contracts involving interstate com-
   merce; disputes between a member of a national stock ex-
   change and its employees are within the federal act where
   there is a binding arbitration agreement (9 USC 1-15).

2. ARBITRATION — EXISTENCE AND ENFORCEABILITY OF CONTRACTS —
   JUDICIAL QUESTIONS.
   The existence of an arbitration contract and the enforceability of

its terms are judicial questions that cannot be decided by an arbitrator; to ascertain the arbitrability of an issue, the court must consider whether the parties' contract contains an arbitration provision, whether the disputed issue is arguably within the. arbitration clause, and whether the dispute is expressly exempt from arbitration by the terms of the contract; any doubts about the arbitrability of an issue should be resolved in favor of arbitration.

3. ARBITRATION — NEW YORK STOCK EXCHANGE — POSTTERMINATION CLAIMS.

New York Stock Exchange Rule 347 requires arbitration of controversies between a registered representative and a member organization arising out of the employment or termination of employment of the registered representative; an issue of posttermination conduct is arbitrable under the rule where the claim involves significant aspects of the employment relationship; a claim is arbitrable if its resolution depends upon evaluation of a party's performance either as a broker or as an employer of brokers during the time of the contractual relationship.

4. ARBITRATION — LIBERTY INTERESTS.

Cases involving liberty interests are not excluded from the broad scope of arbitration clauses.

5. ARBITRATION — WAIVER OF RIGHT TO ARBITRATION.

A party may waive its right to arbitration, but waiver of a contractual right to arbitration is not favored and the party arguing that there has been a waiver bears the burden of proving knowledge of an existing right to compel arbitration, acts inconsistent with the right to arbitrate, and prejudice resulting from the inconsistent acts.

6. ARBITRATION — NEW YORK STOCK EXCHANGE — ARBITRATION AGREEMENTS — NONMEMBERS.

New York Stock Exchange Rule 600(a) provides that a nonmember of the exchange can require arbitration of a dispute with a member if the dispute is otherwise within the scope of an existing arbitration agreement.

*Fieger, Fieger & Schwartz, P.C.* (by *Geoffrey N. Fieger* and *Pamela A. Hamway*), for the plaintiff.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Lawrence G. Campbell* and *Francis R.*

*Ortiz*), and *Altheimer & Gray* (by *Robert P. Bramnik, Thomas P. Fitzgerald,* and *Michael I. Behn*), for the defendants.

Before: O'CONNELL, P.J., and WAHLS and N. O. HOLOWKA,* JJ.

PER CURIAM. Defendants appeal by leave granted from the trial court's order denying in part defendant's motion to compel arbitration. We reverse.

Plaintiff was chief executive officer of defendant Olde Discount Corporation, a stock brokerage firm. Defendants accused plaintiff of embezzling from Olde Discount. Plaintiff was subsequently acquitted of this charge in a criminal trial. After his acquittal, plaintiff filed this suit for various actions sounding in tort and contract.

Defendants moved to have the entire case arbitrated pursuant to stock exchange rules. The trial court partially granted defendants' motion with respect to the claims against defendants Olde Discount, Ernest J. Olde, Olde Financial Corporation, and American Brokerage Services, Inc. (ABS). However, the trial court ruled that part of count I (malicious prosecution/false arrest) and part of count II (emotional distress) arose outside the employment relationship and would not be submitted to arbitration with regard to any defendant. In addition, the trial court ruled that public policy dictated against arbitration of the claims (legal malpractice, defamation, and tortious interference with contract) against defendant attorney Calvin Klyman. Finally, the trial court ruled that, because defendant Broker Dealer Services, Inc. (BDSI), was a separate entity and not a party to any

---

* Circuit judge, sitting on the Court of Appeals by assignment.

arbitration agreement, plaintiff's claim against it would not be arbitrated.

I

Defendants argue first that plaintiff must arbitrate his claims of false arrest, malicious prosecution, and emotional distress. We agree. The federal arbitration act, 9 USC 1-15, governs actions in both federal and state courts arising out of contracts involving interstate commerce. *Kauffman v Chicago Corp,* 187 Mich App 284, 286; 466 NW2d 726 (1991). More specifically, disputes between a member of a national stock exchange and its employees are within the federal act if there is a binding arbitration agreement. *Id.* State courts are bound under the Supremacy Clause, US Const, art VI, § 2, to enforce the substantive provisions of the federal act. *Id.*

The existence of an arbitration contract and the enforceability of its terms are judicial questions that cannot be decided by the arbitrator. *Huntington Woods v Ajax Paving Industries, Inc (After Remand),* 196 Mich App 71, 74; 492 NW2d 463 (1992). To ascertain the arbitrability of an issue, the court must consider whether there is an arbitration provision in the parties' contract, whether the disputed issue is arguably within the arbitration clause, and whether the dispute is expressly exempt from arbitration by the terms of the contract. *Id.,* pp 74-75. Any doubts about the arbitrability of an issue should be resolved in favor of arbitration. *Id.,* p 75.

In connection with his employment, plaintiff executed a standard uniform application for securities industry registration (the U-4) with Olde Discount and ABS in which he agreed to arbitrate all disputes arising in connection with his employ-

ment under the rules of the organizations with which he registered. Because plaintiff registered with the New York Stock Exchange (NYSE), this agreement facially appears to adopt the rules of the NYSE.

NYSE Rule 347 requires arbitration of controversies between a registered representative and a member organization arising out of the employment or termination of employment of the registered representative. Plaintiff argues that this rule does not extend to posttermination torts. However, in *Kauffman, supra,* p 289, this Court stated that an issue of posttermination conduct is arbitrable under this rule when the claim involves significant aspects of the employment relationship. Specifically, a claim is arbitrable if its resolution depends upon evaluation of a party's performance either as a broker or as an employer of brokers during the time of the contractual relationship. *Id.*

A claim of false arrest requires proof that the arrest lacked probable cause. *Blase v Appicelli,* 195 Mich App 174, 177; 489 NW2d 129 (1992). Similarly, a malicious prosecution claim requires proof that there was no probable cause for the proceeding. *Id.* Here, plaintiff's claims of false arrest and malicious prosecution arose out of the charges of embezzlement that resulted when he prestamped blank envelopes with Olde Discount's postage meter machine and gave them to State Discount Brokers, a company run by his daughter and not affiliated with Olde Discount. Importantly, plaintiff did not deny providing the prestamped envelopes to State Discount, but maintained that he provided them to settle a disputed claim that Olde Discount had not paid. Necessarily, both of plaintiff's claims will require inquiry into "significant aspects" of plaintiff's employment relation-

ship. Accordingly, these claims are arbitrable. *Kauffman, supra,* p 289.

Although plaintiff argues that "liberty interest" cases are excluded from the broad scope of arbitration clauses, our review of case law does not so indicate. To the contrary, any doubts about the arbitrability of an issue should be resolved in favor of arbitration. *Huntington Woods, supra,* p 75.

Plaintiff also argues that *Adams v Nat'l Bank of Detroit,* 444 Mich 329; 508 NW2d 464 (1993), requires a different result. However that decision is not binding here because it involved a statutory provision of the Worker's Disability Compensation Act. That provision is not at issue here. Moreover, a plurality decision in which no majority of the participating justices agree concerning the reasoning is not binding authority under the doctrine of stare decisis. *Summers v Detroit,* 206 Mich App 46, 50; 520 NW2d 356 (1994).

Finally, plaintiff argues that defendants waived any right to arbitration by bringing prior lawsuits. A party may waive its right to arbitration, and each case must be decided on the basis of its individual facts. *North West Michigan Construction, Inc v Stroud,* 185 Mich App 649, 651; 462 NW2d 804 (1990). However, waiver of a contractual right to arbitration is not favored. *Kauffman, supra,* p 291. A party arguing there has been a waiver of this right bears a heavy burden of proof. *Id.,* p 292. The party must demonstrate knowledge of an existing right to compel arbitration, acts inconsistent with the right to arbitrate, and prejudice resulting from the inconsistent acts. *Id.*

Here, Olde Discount's prior suit against State Discount seeking return of the postage and other assets given it by plaintiff involved a defendant who is not involved here. It was plaintiff, and not

State Discount, who signed the U-4 agreement that required arbitration.

A separate prior suit, Olde Discount's suit against plaintiff, sought only to prevent plaintiff from disclosing the content of confidential communications with Olde Discount's attorneys learned while plaintiff was still chief executive officer of the firm. Seeking a preliminary injunction in court to preserve the status quo is not inconsistent with the right to arbitrate. *Kauffman, supra,* p 292. Plaintiff did not sustain his heavy burden of proof to show a waiver. *Id.*

Because the NYSE rule provides ample authority for arbitrating plaintiff's claims, we do not address defendants' argument that arbitration was also required under the rules of the National Association of Security Dealers. In addition, plaintiff's claim of emotional distress is derivative of his claims of false arrest and malicious prosecution and should be arbitrated. See, generally, *DAIIE v Reck,* 90 Mich App 286, 289; 282 NW2d 292 (1979). The trial court erred in not compelling arbitration of plaintiff's claims of false arrest, malicious prosecution, and emotional distress. *Kauffman, supra,* p 289.

II

Defendants argue that a nonmember of a national securities exchange can compel arbitration of a securities broker's claims pursuant to NYSE rules. We agree. Under NYSE Rule 600(a), a nonmember of the exchange can require arbitration of a dispute with a member if the dispute is otherwise within the scope of an existing arbitration agreement. See *Pearce v E F Hutton Group, Inc,* 264 US App DC 246; 828 F2d 826 (1987); *Axelrod & Co v Kordich, Victor & Neufeld,* 451 F2d 838

(CA 2, 1971); *Madden v Ellspermann,* 813 SW2d 51 (Mo App, 1991); *Thomas v Perry,* 200 Cal App 3d 510; 246 Cal Rptr 156 (1988).

Plaintiff's claim against BDSI, a shareholder's direct and derivative action, is otherwise within the scope of his existing arbitration agreement. The claim necessarily calls into question defendant Olde's handling of BDSI's assets vis-a-vis Olde Discount and ABS. Once again, this claim involves "significant aspects" of plaintiff's employment relationship. Arbitration is required. *Kauffman, supra,* p 289; see also *Fleck v E F Hutton Group, Inc,* 891 F2d 1047 (CA 2, 1989).

With regard to plaintiff's claims against defendant Klyman, to the extent that any malpractice liability arose outside plaintiff's exchange-related activities, it is not arbitrable. *Lucas v Peters,* 206 Mich App 530, 533; 522 NW2d 642 (1994). However, the specific allegations of plaintiff's complaint linked Klyman's conduct to the business of the brokerage firm. Paragraph 97 of plaintiff's complaint, which was listed under plaintiff's count of legal malpractice against Klyman, stated:

> That at all time relevant hereto, and specially between the dates of January 1990 through October 15, 1990 Defendant Klyman acted as both attorney for Ernest J. Olde, as attorney for Olde, ABS and Olde Financial, and, in that capacity, did also act and did represent to act as attorney for Herbert J. Burns.

Accordingly, plaintiff's complaint alleged an activity that arose out of his exchange-related activities and was arbitrable. *Lucas, supra,* p 533. The trial court erred in not compelling arbitration of plaintiff's claims against defendants BDSI and Klyman. *Id.; Kauffman, supra; Fleck, supra; Pearce, supra.*

Reversed.