**Darl Mack BUTTINO, Defendant–Appellant,**

v.

**CITY OF HAMTRAMCK, Dennis Frederick, and April Wright, Plaintiffs–Appellees.**

No. 02–1232.

United States Court of Appeals, Sixth Circuit.

Jan. 7, 2004.

Larry A. Smith, Southfield, MI, for Plaintiff–Appellant.

Mary Massaron Ross, Plunkett & Cooney, Detroit, MI, Jeffrey C. Gerish, Plunkett & Cooney, Bloomfield Hills, MI, Frederick L. Schmoll, III, Gault, Davison, Flint, MI, for Defendants–Appellees.

Before NELSON, GIBBONS, and SUTTON, Circuit Judges.

GIBBONS, Circuit Judge.

Plaintiff-appellant Darl Mack Buttino was charged with murdering Jerry Christmas and assaulting with the intent to murder Jerry Wizelius. During the preliminary hearing in state court, the state court judge bound Buttino over for trial after finding probable cause to believe Buttino committed the crimes charged. Buttino was acquitted following a jury trial, and he subsequently sued defendants-appellees City of Hamtramck, Detective Dennis Frederick, and April Wright, alleging violations of his constitutional rights under 42 U.S.C. § 1983. Buttino contends that he was illegally arrested and detained without probable cause because his arrest and detention were based on statements made, and later recanted, by Wright. Defendants-appellees moved for summary judgment, and the district court granted their motions on the ground that the determination of probable cause made by the state

court during the preliminary hearing precluded Buttino from relitigating the issue in the instant case. Buttino appeals, arguing that the district court erred in applying the doctrine of collateral estoppel to a preliminary determination of probable cause when the determination was based on the bad faith or misconduct of police officers. For the following reasons, we affirm the judgment of the district court.

## I.

On June 18, 1993, Jerry Christmas, Jerry Wizelius, Thomas McFarland, and Costika Choa went to a bar in the City of Hamtramck. After leaving the bar with Wizelius, Christmas engaged in a verbal exchange with the driver of a blue Oldsmobile. Shortly after the verbal exchange, Christmas and Wizelius again met McFarland and Choa. The four men began walking on Caniff Street towards Wizelius's car when a vehicle approached them from behind. Shots were fired from the vehicle, hitting both Christmas and Wizelius. Christmas later died, and Wizelius was paralyzed. No one was able to identify the shooter, and the crime remained unsolved for more than three years.

On August 30, 1996, Hamtramck police officers responded to a domestic violence call involving April Wright and her son's father, Antoine Scott. Wright told the officers that Scott had assaulted her and that he often visited the home of Darl Mack Buttino. According to Wright, Buttino claimed to have shot a man on Caniff Street in 1993. On September 3, 1996, Wright met with Detective Frederick to discuss her statement about Buttino.

Buttino was arrested on September 6, 1996, for an unrelated drug offense involving possession of marijuana. After his arrest, Buttino agreed to discuss the 1993 Caniff Street shooting with Hamtramck police officers. Buttino denied participating in the shooting and agreed to stand in a line-up. At the line-up, Wizelius identified Buttino as the man who was involved in the verbal exchange with Christmas on the night of the shooting. McFarland and Choa also viewed the line-up, but failed to make an identification. Buttino was arraigned on September 10, 1996, and charged with second-degree murder, assault with intent to commit murder, and felony firearm possession.[1]

At the preliminary examination, the prosecution offered four witnesses: Wizelius, McFarland, Wright, and Frederick. Wizelius testified about the night the crimes occurred and confirmed that he had previously selected Buttino out of a police line-up. McFarland testified that the shooter was driving a two-door car that was either red or blue. He was unable to identify Buttino as the shooter.

Wright testified that on August 30, 1996, she informed Hamtramck police officers that Buttino told her that he killed a man on Caniff Street in 1993. However, Wright also testified that she had lied about Buttino's involvement in the crime and that Buttino never actually admitted to killing anyone. Wright indicated that her original statements to the Hamtramck police officers were just rumors that she had heard about Buttino. Wright went on to testify that she informed Detective Frederick that she had lied about Buttino's

---

1. Buttino alleges that he was charged by felony information. He claims that Frederick submitted the warrant to the magistrate for signature and issuance and that Frederick appeared as the complaining witness on the felony information. Buttino contends that Frederick misrepresented information in these documents and bases his § 1983 claim, at least in part, on such misrepresentations. None of these documents were included in the record.

statements to her on September 3, 1996, but she also indicated that she told Frederick certain other details that incriminated Buttino, including that he might still have the gun used in the shootings and that he had owned a light blue two-door car in 1993. Wright also acknowledged in her testimony that she received a threatening letter on September 23, 1996. The letter stated that if Wright appeared in court, she or members of her family would be killed.

Detective Frederick testified that during their meeting on September 3, 1996, Wright advised him that Buttino had bragged about killing a man on Caniff Street in 1993 after the man had "hassled" him on the street. According to Frederick, Wright also provided him with a description of Buttino's vehicle. Contrary to Wright's own testimony, Frederick testified that she never told him that she had lied about Buttino, but he did acknowledge that Wright told him she did not want to cooperate with the police in the future.

Buttino's counsel cross-examined all four witnesses offered by the prosecution. After hearing extensive arguments from counsel, the court determined that there was probable cause to believe that Buttino had committed the crimes with which he had been charged. The court stated that it was relying on the testimony of Wizelius and McFarland, and not on Wright's testimony, in finding that probable cause existed for Buttino's arrest. The court also granted the prosecution's motion to change the charge of second degree murder to first degree murder. In a hearing on Buttino's motion to quash, a Michigan circuit court judge upheld the earlier finding of probable cause under an abuse of discretion standard.

A jury later acquitted Buttino of all charges. On April 3, 2000, Buttino filed a complaint against the City of Hamtramck, Frederick and Wright. Buttino alleged that he was arrested without probable cause and held in custody based in part on information supplied by Wright that she later recanted prior to the submission of the warrant to the magistrate judge. Buttino claimed that Frederick was aware that Wright had changed her position prior to obtaining the warrant, but that he did not inform the magistrate of that fact during the preliminary examination and did not inform the court during his testimony at Buttino's trial. Buttino brought claims alleging illegal arrest, malicious prosecution, and deprivation of his right to due process under the Fourth and Fourteenth Amendments to the United States Constitution.

Defendants-appellees moved for summary judgment, arguing that (1) the doctrine of collateral estoppel precluded Buttino from relitigating the issue of probable cause, and (2) there was probable cause to arrest and charge Buttino. Frederick also argued that he was entitled to qualified immunity. On January 22, 2002, the district court held a hearing on the motions and concluded that the determination of probable cause made in the course of the preliminary examination in the state criminal proceedings precluded Buttino from relitigating the issue of probable cause. After concluding that Buttino was barred from arguing that there was no probable cause for his arrest, the district court granted summary judgment in favor of all defendants on Buttino's claims of false arrest, malicious prosecution and deprivation of due process.[2] The court also noted that although Frederick had raised the defense

---

**2.** The district court also granted summary judgment in favor of the defendants on Buttino's claims under the Michigan Constitution in Count III of his Complaint. Buttino has not appealed this ruling.

of qualified immunity, it was not necessary to decide that issue because Buttino had not satisfied the requirements for demonstrating a constitutional violation. Buttino now appeals the district court's decision to grant summary judgment in favor of the defendants.

## II.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). There is no genuine issue of material fact if "after reviewing the record as a whole a rational factfinder could not find for the non-moving party." *Braithwaite v. Timken Co.,* 258 F.3d 488 (6th Cir.2001). In deciding a motion for summary judgment, the court must draw all inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). This court reviews a district court's grant of summary judgment *de novo. Braithwaite,* 258 F.3d at 492–93.

As the district court noted, Buttino must prove a lack of probable cause in order to prevail on his claims of illegal arrest, malicious prosecution and deprivation of due process.[3] *See Criss v. City of Kent,* 867 F.2d 259, 262 (6th Cir.1988) ("[T]he Fourth Amendment requires the states to provide a fair and reliable determination of probable cause as a condition for any significant potential restraint of liberty. Thus, an arrest without a warrant does not violate the Fourth Amendment if probable cause exists for the arresting officer's belief that a suspect has violated or is violating the law.") (internal citation and quotation marks omitted); *Burns v. Olde Discount*

*Corp.,* 212 Mich.App. 576, 538 N.W.2d 686, 688 (Mich.Ct.App.1995) ("A claim of false arrest requires proof that the arrest lacked probable cause. Similarly, a malicious prosecution claim requires proof that there was no probable cause for the proceeding.") (internal citation omitted). The district court granted the defendants-appellees' motions for summary judgment on the ground that the state court's ruling in the preliminary hearing that there was probable cause to bind Buttino over precluded him from relitigating the issue of probable cause in this action.

A state-court judgment is given the same preclusive effect that it would have under the law of the state in which the judgment was rendered. *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). Under Michigan law, collateral estoppel applies when (1) there is identity of parties across the proceedings, (2) there was a valid, final judgment in the first proceeding, (3) the same issue was actually litigated and necessarily determined in the first proceeding, and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding. *Darrah v. City of Oak Park,* 255 F.3d 301, 311 (6th Cir.2001) (*citing People v. Gates,* 434 Mich. 146, 452 N.W.2d 627, 630–31 (1990)); *see also Hinchman v. Moore,* 312 F.3d 198, 202 (6th Cir.2002) (determining that a Michigan state court's probable cause finding at a preliminary hearing did not bar plaintiff's § 1983 action for violations of her Fourth and Fourteenth Amendment rights).

Buttino advances two principal arguments in support of his contention that

---

**3.** Buttino alleges that he was deprived of his right to due process because probable cause did not exist for his arrest.

collateral estoppel does not bar him from relitigating the issue of probable cause: (1) Michigan does not give preclusive effect to a preliminary determination of probable cause in state criminal proceedings, and (2) even if collateral estoppel would otherwise apply, the issue of probable cause was not previously litigated in this case.

Buttino first argues that the district court erred in determining that collateral estoppel bars him from relitigating the issue of probable cause because Michigan does not give preclusive effect to a preliminary determination of probable cause in its criminal proceedings. However, this court has held that "where a state affords an opportunity for an accused to contest probable cause at a preliminary hearing and the accused does so, a finding of probable cause by the examining magistrate or state judge should foreclose relitigation of that finding in a subsequent § 1983 action." *Coogan v. City of Wixom*, 820 F.2d 170, 174–75 (6th Cir.1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869, 874 (6th Cir.2001). Additionally, several Michigan courts have held that collateral estoppel precludes a plaintiff in a civil case from relitigating claims that were previously addressed in criminal proceedings. *Webb v. City of Taylor*, No. 236153, 2002 WL 31947931 at *3–4 (Mich.Ct.App. Dec. 3, 2002); *In re Forfeiture of $1,159,420*, 194 Mich.App. 134, 486 N.W.2d 326, 333 (1992); *Knolblauch v. Kenyon*, 163 Mich.App. 712, 415 N.W.2d 286, 292 (1987).

In support of his position, Buttino relies on two Michigan Court of Appeals opinions, *People v. Price*, 69 Mich.App. 363, 244 N.W.2d 363 (1976) and *People v. Hayden*, 205 Mich.App. 412, 522 N.W.2d 336 (1994). both of which are distinguishable from the instant case. *Price* and *Hayden* hold that where a prosecutor fails to establish probable cause at a preliminary hearing, the prosecutor is not precluded from a second attempt at demonstrating probable cause if the prosecutor presents additional evidence to support the charge. *Price*, 244 N.W.2d at 367; *Hayden*, 522 N.W.2d at 338. Thus, *Price* and *Hayden* involved the relitigation of an issue in the *same* proceeding as opposed to relitigation of an issue in a subsequent lawsuit. However, "[c]ollateral estoppel bars relitigation of issues previously decided when such issues are raised in a *subsequent suit* by the same parties [in] a *different cause of action.*" *Knoblauch*, 415 N.W.2d at 288 (emphasis added). If collateral estoppel applied in situations such as those presented in *Price* and *Hayden*, it would act as a bar to the court's ability to reconsider any issue before it, and that is not the purpose behind collateral estoppel. *See Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) (holding that the doctrine of collateral estoppel bars the relitigation of an issue "between the same parties in any *future* lawsuit." (emphasis added)).

Buttino next argues that even if collateral estoppel would otherwise apply in this situation, the issue of probable cause was not previously litigated in this case. According to Buttino, his preliminary hearing concerned probable cause to charge him with murder and assault with intent to murder, while the issue in this case is whether Frederick misrepresented the facts to the magistrate issuing the warrant and lied during the preliminary hearing. In support of his position, Buttino cites *Darrah v. City of Oak Park*, 255 F.3d 301, 311 (6th Cir.2001), in which this court held that a state court's determination of probable cause at the preliminary hearing does not preclude a plaintiff in a subsequent civil action from litigating the issue of whether the officers made materially false statements to establish probable cause. The *Darrah* court concluded that the issue of whether there was probable cause was not identical to the issue of

whether the officers misstated the facts to establish probable cause. *Id.; see also Josey v. Salisbury*, No. 92–2093, 1993 WL 476974 (6th Cir. Nov.18, 1993). Several other courts have noted that while a preliminary hearing concerns the sufficiency of the evidence to establish probable cause, a subsequent action alleging that a police investigation was conducted in bad faith challenges the integrity of the evidence. *See, e.g., Schertz v. Waupaca County*, 875 F.2d 578, 581 (7th Cir.1989)

In this case, Buttino alleges that Frederick intentionally failed to advise the magistrate judge issuing the warrant that Wright had recanted her statements and that Frederick made deliberate misrepresentations at the preliminary hearing for the purpose of illegally prosecuting him. Thus, Buttino alleges that Frederick misrepresented evidence related to the probable cause determination at two different stages of the proceedings: his arrest and his preliminary hearing.

With regard to Buttino's allegations that Frederick failed to inform the magistrate judge at his preliminary hearing that Wright had recanted her statements about Buttino, Buttino correctly contends that collateral estoppel does not preclude him from relitigating the issue of probable cause to arrest because the issues are not identical. Buttino claims that the magistrate judge's probable cause determination was based in part on information that Wright had recanted. Following the reasoning in *Darrah*, the state court's determination of probable cause is not identical to the issue here, which is whether Frederick supplied the magistrate judge with a false and incomplete version of the facts to establish probable cause. Accordingly, collateral estoppel does not bar Buttino from asserting his claim based on his arrest.

However, Buttino has failed to submit any evidence supporting his claim that Frederick misrepresented Wright's statements to the magistrate judge and that the magistrate judge signed a warrant based on information that had been recanted. In his brief opposing defendants-appellees' motions for summary judgment, Buttino submitted the record of Wright's August 30, 1996, statement, line-up photos and line-up statements, a supplemental report dated September 9, 1996, and a supplemental report by Frederick dated September 7, 1996. None of this evidence supports Buttino's allegations that Frederick failed to inform the magistrate judge that Wright recanted and that the magistrate judge's finding that probable cause existed for his arrest was based on Frederick's misstatements. The record does not include a copy of the warrant, or the evidence or testimony before the magistrate judge when he made the probable cause determination. Buttino's failure to include in the record any evidence supporting his claim that the magistrate judge's finding of probable cause was based on Frederick's misstatements dictates a determination that no evidence exists to bring Buttino's claim within the holding of *Darrah*.

Buttino also complains about Frederick's failure to admit during the preliminary hearing that Wright recanted her earlier statements and alleges that he was detained without probable cause. The district court found that Buttino was collaterally estopped from relitigating the issue of probable cause due to the state court's finding of probable cause at the preliminary hearing. While Frederick testified at the preliminary hearing and denied that Wright recanted the statements she made during their meeting on September 3, 1996, the state court based its finding of probable cause solely on the testimony of Wizelius and McFarland. The state court specifically found that "the court is using [the] testimony of Mr. Wizelius and Mr. McFarland to bind the defendant over on

the charge contained in the complaint. *The court did not use Ms. Wright's testimony to bind the defendant over."* (emphasis added). In discussing the factors used in making the probable cause determination, the court stated that it considered "the timing of the events, the identification of the individual, the altercation at the car, the identification at the car, and the whole time display and how this occurred."

Buttino relies again on *Darrah* to argue that the state court's determination of probable cause at his preliminary hearing is not identical to the issue in this case, which is whether the state court relied on Frederick's materially false statements to establish probable cause. Buttino's reliance on *Darrah* in this instance is misplaced, however, because the state court did not rely on Frederick's statements to establish probable cause at his preliminary hearing. *Darrah* held that collateral estoppel does not bar a plaintiff in a subsequent civil action from litigating the issue of whether an officer made a materially false statement *to establish* probable cause. In those situations, plaintiffs are not relitigating the issue of probable cause, they are challenging the integrity of the evidence used to establish probable cause. In this case, however, the state court specifically stated that it was not relying on Wright's testimony to establish probable cause. Buttino cannot be alleging that Frederick made a materially false statement to establish probable cause because the court did not use any of Frederick's statements in making its probable cause determination.[4]

Because the state court did not rely on Frederick's allegedly materially false

statements to conclude that probable cause existed for Buttino's arrest, Buttino's sole remaining challenge is that probable cause to bind him over did not exist, not that *Darrah* precludes the use of materially false evidence to establish probable cause. This issue was previously litigated in the state court criminal proceeding in Michigan, and collateral estoppel bars Buttino from relitigating it here. If Buttino cannot relitigate the issue of probable cause for his arrest, he cannot prevail on his claims of illegal arrest, malicious prosecution, and deprivation of due process.

## III.

For the foregoing reasons, we affirm the judgment of the district court.

---

4. Buttino also contends that collateral estoppel does not apply because the parties in this case are not the same parties or privy to the parties in the criminal matter. However, "Michigan courts have established several exceptions to the mutuality requirement. One

exception to the mutuality rule exists when the first suit is a criminal matter and the second suit is a civil matter." *Carlton v. Pytell,* No. 92–1050, 1993 WL 44514, at *4 (6th Cir. Feb.22, 1993).