NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 17a0649n.06

Case No. 17-1190

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| ANTHONY SPENCER, | ) | |
| | ) | **FILED**<br>Nov 22, 2017<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| COUNTY OF HURON; RYAN SWARTZ; | ) | MICHIGAN |
| RYAN NEUMANN; DARYL FORD, | ) | |
| | ) | |
| Defendants-Appellees. | ) | OPINION |
| | ) | |

BEFORE:  DAUGHTREY, McKEAGUE, and DONALD, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.**  Anthony Spencer appeals the district court's grant of summary judgment in favor of Defendants and denial of his motion to enlarge the record.  For the reasons that follow, we **AFFIRM** the district court's decision.

I.

Spencer's civil-rights lawsuit arises out of his 2013 arrest and prosecution for drug trafficking.  In 2012, Detective Ryan Swartz, a Huron County deputy sheriff, was assigned to county-wide drug investigations, and shortly thereafter he received tips that Spencer was involved in trafficking heroin.  In March 2013, Daryl Ford, a Huron County detective, informed Swartz that Tracey Champagne, an inmate at the Huron County jail, was offering to be a confidential informant for drug investigations.  Champagne had worked for Ford as a

confidential informant in the past. Swartz sought and received permission from the Huron County Prosecutor to have Champagne serve as a confidential informant. In this role, Champagne participated in controlled drug buys and was searched and provided "buy money" for use during the transactions.

Relevant to this case, Champagne claimed that Spencer was involved in several buys in late May 2013. She claimed that Spencer either arranged the purchase of or sold heroin to her at least three times during that month. Champagne told Swartz that Spencer was present and handed her a bag of suspected heroin for two controlled buys she consummated in the car of Spencer's cousin, Rollie Smith.

The following month, Spencer's best friend, Jeff Hatch, was arrested after 22 grams of heroin were located in his bedroom. Champagne informed Swartz that Spencer intended to flee after learning of Hatch's arrest because Spencer thought that there was a warrant out for his arrest. Swartz contacted Ryan Neumann, a Huron County sergeant, to have him detain Spencer at a location provided by Champagne. Spencer was detained at the scene and then taken to Huron County jail, where he was lodged overnight until arrest warrants were issued the next day.

Following preliminary examination hearings in September 2013, the state-court judge determined that there was probable cause to bind Spencer over to trial on three felony drug charges. But six months later, Spencer's cousin, Smith, informed Swartz and Tom Evans, a chief assistant prosecutor, that Spencer had not been involved in any of the May 2013 drug sales. Spencer took and passed a polygraph examination, and the charges were dismissed on the prosecutor's motion.

Spencer filed a complaint in federal court in the Eastern District of Michigan on June 17, 2015, alleging claims under 42 U.S.C. § 1983 for violations of his Fourth Amendment rights to

freedom from illegal search and seizure and malicious prosecution, and claims under Michigan state law, including false arrest and imprisonment and malicious prosecution. On August 22, 2016, Defendants filed a Motion for Summary Judgment. On December 19, 2016, Spencer moved to enlarge the record, alleging that Defendant Swartz "made comments in relation to [Spencer's] arrest that would be construed as retaliatory, and provide further evidence that [Spencer] was falsely and maliciously arrested." Spencer also stated that he had "recently learned of evidence of retaliation by [] Swartz towards [Spencer] that was unknown before this time."

On January 24, 2017, the district court granted in part Defendants' motion for summary judgment as to Spencer's § 1983 claims, finding that the doctrine of collateral estoppel prevented Spencer from relitigating the issue of probable cause, and, thus, Spencer showed no constitutional injury. As a result of the court's ruling on the federal claims, the court declined supplemental jurisdiction over the state law claims and dismissed them without prejudice. In the same order, the court also denied Spencer's motion to enlarge the record. Spencer now appeals.

II.

We review a district court's grant of summary judgment *de novo*. *Jackson v. VHS Detroit Receiving Hosp., Inc.*, 814 F.3d 769, 775 (6th Cir. 2016). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Ford v. Gen. Motors Corp.*, 305 F.3d 545, 551 (6th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party bears the initial burden of establishing that there are no genuine issues of material fact, which it may accomplish "by demonstrating that the nonmoving party lacks evidence to support an essential element of its

case." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). In response, the nonmoving party must present "significant probative evidence" that will reveal that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). The mere existence of a scintilla of evidence in support of the nonmovant's position will not suffice to avoid summary judgment. *Anderson*, 477 U.S. at 252.

### A. Fourth Amendment Claims

Spencer first argues that collateral estoppel does not bar his Fourth Amendment claims. He argues that one of the elements for collateral estoppel under Michigan law, the issue element, is not satisfied because Defendants Swartz, Neumann, and Ford made false statements relied on by the state court in finding probable cause. Defendants respond that the district court properly ruled that Spencer's Fourth Amendment claims were collaterally estopped by the state court's finding of probable cause at Spencer's preliminary examination hearings because Spencer fails to provide evidence to support his false statements claim.

Spencer must prove a lack of probable cause to prevail on his Fourth Amendment claims for false arrest and malicious prosecution. *See Buttino v. City of Hamtramck*, 87 F. App'x 499, 502 (6th Cir. 2004). "[A]n arrest without a warrant does not violate the Fourth Amendment if probable cause exists for the arresting officer's belief that a suspect has violated or is violating the law." *Criss v. City of Kent*, 867 F.2d 259, 262 (6th Cir. 1988). Likewise, there is no malicious prosecution, and no Fourth Amendment violation, if there was probable cause for the proceeding. *Buttino*, 87 F. App'x at 502 (citing *Burns v. Olde Discount Corp.*, 212 Mich. App. 576, 538 N.W. 2d 686, 688 (Mich. Ct. App. 1995)).

Where, as here, an issue was considered in a prior criminal proceeding, a plaintiff may be estopped from relitigating that issue in a subsequent civil action. *Hinchman v. Moore*, 312 F.3d

198, 202 (6th Cir. 2002). This is because "a state-court judgment is given the same preclusive effect that it would have under the law of the state in which the judgment was rendered." *Id.* (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984)). Collateral estoppel applies under Michigan law when 1) the identity of the parties across the proceedings does not change, 2) the first proceeding resulted in a valid, final judgment, 3) the same issue was litigated and determined in the first proceeding, and 4) the party arguing against collateral estoppel had a full and fair opportunity to litigate the issue(s) in question at the first proceeding. *Id.* (citing *Darrah v. City of Oak Park*, 255 F.3d 301, 311 (6th Cir.2001)). The "issue" element is not satisfied when considering a prior state court determination of probable cause if the state court finding was based on material false statements. *Darrah*, 255 F.3d at 311.

The district court concluded that all the collateral estoppel elements were satisfied and that Spencer had a full and fair opportunity to litigate the issue of probable cause. The court found that Spencer did not claim nor provide any evidence to suggest that the Defendants made any materially false statements that the state court relied upon to determine that there was probable cause. Thus, the court concluded that Spencer was estopped from asserting a constitutional violation based on a lack of probable cause. Spencer argues that the district court erred in finding his claims collaterally estopped, because Defendants Swartz, Neumann, and Ford made false statements during the preliminary examination hearings when they stated that they "knew" that Spencer was involved in the May 2013 drug buys, which they then later contradicted when they testified during depositions that they never actually saw Spencer involved in the drug buys. Relying on *Darrah*, Spencer argues that his probable cause determination rested on materially false statements.

*Darrah* does not help Spencer in this case, however. In *Darrah*, the Court held that a plaintiff can maintain a claim for malicious prosecution under Michigan law in a subsequent civil action where the claim is based on a police officer's supplying false information to establish probable cause in the prior criminal proceeding. 255 F.3d at 311. The Court found that the identity of issues between the two proceedings was not satisfied and reached the merits of the malicious prosecution claim. *Id.* at 311-12. But here we cannot do so because Spencer provides no evidentiary support for his argument. In order to support his argument on appeal regarding false statements, Spencer needed to demonstrate that the Defendants' statements at the preliminary hearing differed from those at the depositions, which he argues would prove their falsity. Spencer does not offer a single citation to the record, however, to support his argument that the Defendants made false statements at the preliminary hearings. Without any grounds to determine whether his argument has an evidentiary basis, and without proper citations to the record on appeal, we affirm the district court's finding on collateral estoppel. *See Palatka v. Savage Arms Inc.*, 535 F. App'x 448, 460 (6th Cir. 2013) ("Because the Plaintiffs have not supported their argument with proper citations to the record on appeal, the court affirms exclusion of the allegedly similar incidents.").

Furthermore, upon this Court's own review, we find no evidentiary support for the notion that Defendants Swartz, Ford or Neumann stated that they "knew" Spencer was involved in the controlled buys. To begin with, it does not appear that Defendant Neumann testified at the preliminary hearing examinations. Though Defendants Swartz and Ford did testify, their testimony provides no evidence to support Spencer's claims. Rather, both testified that they could not confirm whether a second person, i.e., Spencer, was in the car during the controlled buys. Thus, there is no evidence that the officers made materially false statements. The district

court's conclusion that Spencer's claim was collaterally estopped was appropriate, and as such, we need not reach Spencer's other arguments regarding his Fourth Amendment claims.

B.      Monell *Claim and State Law Claims*

Spencer argues that he has valid *Monell* and state law claims that should survive summary judgment. As to the *Monell* claim against Huron County, Spencer argues that Huron County has not conducted performance evaluations in years and that it failed to properly train its officers regarding arrests and probable cause. But as the district court stated, a *Monell* claim depends on an underlying constitutional violation. *See, e.g., Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir. 2006) ("A local government entity violates § 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights."). We have already found that collateral estoppel precludes Spencer from arguing that his Fourth Amendment rights were violated, which would be the basis of his *Monell* claim. Therefore, Spencer's *Monell* claim fails.

Finally, given that we conclude that the district court properly granted Defendants' motion for summary judgment in part, we need not reach the state law claims. In its order on summary judgment, the district court declined to extend supplemental jurisdiction over Spencer's state law claims. As we have previously stated, when, as here, "all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Booker v. City of Beachwood*, 451 F. App'x 521, 523 (6th Cir. 2011) (citation omitted). Furthermore, Spencer does not argue that the district court erred in declining to exercise jurisdiction over his state law claims; he merely reiterates that his state law claims are valid. Therefore, we affirm the district court's holding on the state law claims.

III.

Next, Spencer argues that the district court erred when it denied his motion to enlarge the record. The district court held that Spencer's motion included nothing to suggest that recently discovered evidence bore on whether Defendants made any materially false statements upon which the court relied to determine that probable cause existed to bind Spencer over for trial. Spencer argues that he learned that Swartz made retaliatory statements toward him in relation to his arrest and that the statements constitute evidence of a false and malicious arrest. Defendants respond that Spencer has failed to provide any information to support his argument, which he also failed to do before the district court.

We review a district court's decision on a discovery matter for abuse of discretion. *United States v. Warshak*, 631 F.3d 266, 296 (6th Cir. 2010). "An abuse of discretion occurs when the reviewing court is left with the definite and firm conviction that the trial court committed a clear error of judgment." *United States v. Hunt,* 521 F.3d 636, 648 (6th Cir.2008) (internal quotation marks omitted). We may reverse the district court's conclusion as to Spencer's motion only if we find the ruling was arbitrary, unjustifiable, or clearly unreasonable. *See F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014).

Here, Spencer cites to his own motion to enlarge the record, simply reiterating his argument that Swartz made retaliatory statements toward him. As noted by the district court, Spencer neither puts forward any evidence nor provides any citations as to how the alleged retaliatory statements would change the probable cause finding even if he had such evidence. Furthermore, any evidence of Swartz's alleged motivations would be subjective, which is irrelevant to the probable cause analysis. *McCurdy v. Montgomery Cty., Ohio*, 240 F.3d 512,

517 (6th Cir. 2001). Accordingly, we do not find that the district court's ruling was arbitrary,

unjustifiable, or clearly unreasonable.

IV.

For the foregoing reasons, we **AFFIRM**.