*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

REGISTERED NURSES, REGISTERED
PHARMACISYS UNION, BILLIE JO BUSBY,
and LEAANN FRANK,

UNPUBLISHED
April 18, 2019

Plaintiffs-Appellees,

v

No. 343473
Genesee Circuit Court
LC No. 17-109766-CL

HURLEY MEDICAL CENTER,

Defendant-Appellant.

Before: JANSEN, P.J., and METER and GLEICHER, JJ.

PER CURIAM.

Defendant appeals as of right an order granting summary disposition in favor of plaintiffs in this action to compel arbitration. We affirm.

## I. RELEVANT FACTUAL BACKGROUND

Billie Jo Busby and LeaAnn Frank are members of the Registered Nurses, Registered Pharmacisys Union (RNRPh), and were employed by defendant. On May 11, 2017, they were both absent from work. In June 2017, defendant terminated Busby and Frank for allegedly striking on May 11, 2017, in violation of Article 36 of the collective bargaining agreement (CBA) between RNRPh and defendant. Thereafter, RNRPh filed grievances challenging the discharges and requested arbitration of the grievances pursuant to the CBA. Defendant denied the grievances, as well as the request for arbitration. Plaintiffs filed this action to compel arbitration of the grievances and alleging breach of the CBA. The trial court granted summary disposition in favor of plaintiffs, ordering arbitration of the dispute. This appeal followed.

## II. SUBJECT-MATTER JURISDICTION

Defendant first argues that the trial court lacked subject-matter jurisdiction because a public employee's exclusive mechanism to challenge a strike-related discipline is to request a hearing under § 6 of the public employment relations act (PERA), MCL 423.201 *et seq.* We disagree.

-1-

The issue of subject-matter jurisdiction may be raised at any point in the proceedings. *Glen Lake-Crystal River Watershed Riparians v Glen Lake Ass'n*, 264 Mich App 523, 527-528; 695 NW2d 508 (2004). Whether the trial court had subject-matter jurisdiction is a question of law that we review de novo. *Id*. at 527.

"Jurisdiction of the subject matter is the right of the court to exercise judicial power over a class of cases, not the particular case before it; to exercise the abstract power to try a case of the kind or character of the one pending." *Glen Lake*, 264 Mich App at 528 (quotation marks and citation omitted). "Jurisdiction always depends on the allegations and never upon the facts." *Workers' Compensation Agency Dir v MacDonald's Indus Prods, Inc (On Reconsideration)*, 305 Mich App 460, 478; 853 NW2d 467 (2014) (quotation marks and citation omitted).

In this case, plaintiffs' complaint sought to compel arbitration and alleged breach of the CBA. The arbitrability of an issue is a question for the court to decide. As stated by this Court in *Burns v Olde Discount Corp*, 212 Mich App 576, 580; 538 NW2d 686 (1995):

> The existence of an arbitration contract and the enforceability of its terms are judicial questions that cannot be decided by the arbitrator. To ascertain the arbitrability of an issue, the court must consider whether there is an arbitration provision in the parties' contract, whether the disputed issue is arguably within the arbitration clause, and whether the dispute is expressly exempt from arbitration by the terms of the contract. [Citations omitted.]

This was precisely the issue addressed by the trial court in this case.[1] Similarly, the issue of whether a party breached a CBA involves the interpretation of a contract, which is a question of law that is decided by a court. See *Kendzierski v Macomb Co*, 319 Mich App 278, 282; 901 NW2d 111 (2017); *Butler v Wayne Co*, 289 Mich App 664, 671; 798 NW2d 37 (2010). Accordingly, given the allegations in plaintiffs' complaint, the circuit court had subject-matter jurisdiction over this case.

Given that the trial court had the right to exercise judicial power over this case, defendant's claim that PERA prohibits arbitration in this case is not a question of subject-matter jurisdiction. Rather, it is a question of statutory interpretation, which is also a question of law that could be decided by the trial court, and that we review de novo. *McNeil v Charlevoix Co*, 275 Mich App 686, 691; 741 NW2d 27 (2007), aff'd 484 Mich 69 (2009). "When interpreting a statute, this Court's goal is to ascertain and give effect to the intent of the Legislature by applying the plain language of the statute." *Id*.[2]

---

[1] In its response to plaintiffs' motion, defendant even acknowledged that whether an issue is subject to arbitration is an issue of law for the court.

[2] In its response to plaintiffs' motion for summary disposition, defendant mentioned that its position was that this case is not subject to arbitration because "it involves a legal dispute within the exclusive jurisdiction of PERA." Therefore, defendant's argument was raised below; however, it was not expressly decided by the trial court. Nonetheless, defendant's claim that

Section 6 of PERA provides:

(1) Notwithstanding the provisions of any other law, a public employee who, by concerted action with others and without the lawful approval of his or her superior, willfully absents himself or herself from his or her position, or abstains in whole or in part from the full, faithful and proper performance of his or her duties for the purpose of inducing, influencing or coercing a change in employment conditions, compensation, or the rights, privileges, or obligations of employment, or a public employee employed by a public school employer who engages in an action described in this subsection for the purpose of protesting or responding to an act alleged or determined to be an unfair labor practice committed by the public school employer, shall be considered to be on strike.

(2) *Before a public employer may discipline or discharge a public employee for engaging in a strike, the public employee, upon request, is entitled to a determination under this section as to whether he or she violated this act.* The request shall be filed in writing, with the officer or body having power to remove or discipline the employee, within 10 days after regular compensation of the employee has ceased or other discipline has been imposed. If a request is filed, the officer or body, within 5 days after receipt of the request, shall commence a proceeding for the determination of whether the public employee has violated this act. The proceedings shall be held in accordance with the law and regulations appropriate to a proceeding to remove the public employee and shall be held without unnecessary delay. The decision of the officer or body shall be made within 2 days after the conclusion of the proceeding. If the employee involved is found to have violated this act and his or her employment is terminated or other discipline is imposed, the employee has the right of review to the circuit court having jurisdiction of the parties, within 30 days from the date of the decision, for a determination as to whether the decision is supported by competent, material, and substantial evidence on the whole record. A public employer may consolidate employee hearings under this subsection unless the employee demonstrates manifest injustice from the consolidation. This subsection does not apply to a penalty imposed under section 2a. [MCL 423.206 (emphasis added).]

In support of its argument, defendant relies on the Michigan Supreme Court's decision in *Lamphere Sch v Lamphere Federation of Teachers*, 400 Mich 104, 114; 252 NW2d 818 (1977), in which it held, based on the language of § 6, that "the statutorily permitted discipline-discharge should be the unitary and exclusive remedies available to public employers in dealing with illegal strikes by public employees in violation of the PERA's Section 2 strike prohibition." The

PERA prohibits arbitration in this case is a question of law and the relevant facts are available; therefore, we may review this issue. *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009).

Court concluded, therefore, that the plaintiff school district was barred from suing the defendant teachers' union for damages under traditional common-law tort theories. *Id*. at 107.

Contrary to defendant's claim that *Lamphere* stands for the proposition that "a public employee's 'exclusive' mechanism to challenge strike-related discipline is to request a § 6 hearing under PERA," *Lamphere* addressed and expressly referred to the exclusive remedy available to *public employers*. *Lamphere*, 400 Mich at 114. The Court did not discuss the remedies available to employees or unions and, thus, that decision does not bar plaintiffs' request for arbitration in this case. Similarly, the plain language of § 6 provides only that an employee is entitled to a determination under that section; it does not limit the remedies available to employees or unions. See MCL 423.206(2).

Defendant also relies on *Rockwell v Bd of Ed of Sch Dist of Crestwood*, 393 Mich 616, 628; 227 NW2d 736 (1975), but that case similarly stated that § 6 provides "a specific, unitary procedure for the discipline of public employees." It did not discuss the remedies available to public employees. Accordingly, defendant fails to support its claim that PERA prohibits arbitration of this matter.

Finally, defendant cites *Kent Co Deputy Sheriffs' Ass'n v Kent Co Sheriff*, 238 Mich App 310, 325; 605 NW2d 363 (1999), aff'd but criticized 463 Mich 353 (2000), in which this Court stated that "PERA is the exclusive remedy for any unfair labor practice charge, and the [Michigan Employment Relations Commission] has exclusive jurisdiction to adjudicate such charges. A plaintiff cannot obtain another remedy by framing the unfair labor practice as a different species of common-law or statutory claim invoking the jurisdiction of a different tribunal." Plaintiffs' complaint, however, did not expressly allege an unfair labor practice. Nor has defendant asserted, either below or on appeal, that plaintiffs have alleged an unfair labor practice. Because defendant has failed to provide any support for its suggestion that this case involves an unfair labor practice charge, this argument is abandoned. See *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003).

III. SUMMARY DISPOSITION

Defendant also argues that the trial court erred by granting plaintiffs' motion for summary disposition because plaintiffs failed to state an arbitrable claim under the CBA and failed to proffer any admissible evidence in support of their motion. Again, we disagree.

The trial court granted plaintiffs' motion for summary disposition under MCR 2.116(C)(7), (8), and (10), ruling that the matter was required to go to arbitration. Summary disposition under MCR 2.116(C)(7) is appropriate where the parties have "entered a valid and enforceable arbitration agreement." *Galea v FCA US, LLC*, 323 Mich App 360, 365; 917 NW2d 694 (2018). Therefore, MCR 2.116(C)(7) was the proper ground for summary disposition in this case. "We review de novo a trial court's decision to grant or deny a motion for summary disposition under MCR 2.116(C)(7)." *Id*. at 368. "Whether a dispute is arbitrable represents a question of law for the courts that we review de novo." *Madison Dist Pub Sch v Myers*, 247 Mich App 583, 594; 637 NW2d 526 (2001).

In *Madison Dist Pub Sch*, 247 Mich App at 595, this Court stated:

To ascertain the arbitrability of an issue, the court must consider whether there is an arbitration provision in the parties' contract, whether the disputed issue is arguably within the arbitration clause, and whether the dispute is expressly exempt from arbitration by the terms of the contract. Any doubts regarding the arbitrability of an issue should be resolved in favor of arbitration. [Citations omitted.]

See also *AFSCME v Hamtramck Housing Comm*, 290 Mich App 672, 674; 804 NW2d 120 (2010) ("Where an employer and a union have contractually agreed to arbitration, in the absence of explicit contractual direction to the contrary, all doubts regarding the proper forum should be resolved in favor of arbitration[.]").

In this case, the relevant provision of the CBA is Article 36, titled "No Strike, No Lockout," which provides, in relevant part:

The Employer shall have the right to discipline or discharge any Employee participating in such interferences, and the Organization agrees not to oppose such action. *It is understood, however, that the Organization shall have recourse to the grievance procedure as to matters of fact in the alleged actions of such Employees.* [Emphasis added.]

Defendant argues that there is no disputed matter of fact for the arbitrator to resolve, while plaintiffs argue that there is a question of fact regarding whether Busby and Frank called off work on May 11, 2017, for an illness or to engage in a strike. Contrary to defendant's assertion, however, Article 36 does not require a *disputed* matter of fact; rather, it provides that the grievance procedure is available regarding "matters of fact." Whether Busby and Frank were striking or were sick, as alleged in plaintiffs' complaint, is a matter of fact that must be resolved by the arbitrator pursuant to Article 36 of the CBA. Although defendant may present to the arbitrator undisputed evidence that plaintiffs were engaged in a strike, the question of fact is for the arbitrator to decide. Moreover, any doubt regarding whether this question is arbitrable must be resolved in favor of arbitration. See *AFSCME*, 290 Mich App at 674; *Madison Dist Pub Sch*, 247 Mich App at 595. Therefore, the trial court did not err by granting summary disposition in favor of plaintiffs on the basis that the CBA required arbitration of the issue.

Affirmed.

/s/ Kathleen Jansen
/s/ Patrick M. Meter
/s/ Elizabeth L. Gleicher

-5-