NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0857n.06

No. 10-3549

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DONTE BOOKER,                                        )
                                                     )
        Plaintiff-Appellee,                          )
                                                     )
        v.                                           )
                                                     )
CITY OF BEACHWOOD,                                   )
                                                     )     ON APPEAL FROM THE
        Defendant,                                   )     UNITED STATES DISTRICT
                                                     )     COURT FOR THE NORTHERN
JANE AND JOHN DOE 1-10,                              )     DISTRICT OF OHIO
                                                     )
        Defendant, and                               )
                                                     )
PATRICK SULLIVAN AND PAUL BERLINE,                   )
                                                     )
        Defendants-Appellants.                       )
                                                     )

FILED

Dec 19, 2011

LEONARD GREEN, Clerk

BEFORE: DAUGHTREY, COLE, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. Defendants Patrick Sullivan and Paul Berline appeal the district

court's order dismissing plaintiff Donte Booker's state law intentional infliction of emotional distress

(IIED) claim without prejudice rather than with prejudice. The district court granted Sullivan and

Berline's motion for summary judgment as to each of Booker's claims against them, except his IIED

claim. The district court, however, declined supplemental jurisdiction over the IIED claim and

dismissed it without prejudice. Sullivan and Berline argue that the district court should have granted

their motion for summary judgment as to the IIED claim instead of dismissing it without prejudice.

Sullivan and Berline also argue, in the alternative, that in light of the district court's decision to

decline supplemental jurisdiction over the IIED claim, its discussion of the merits of that claim constitutes an improper advisory opinion that should be vacated. The district court, however, did not abuse its discretion by declining supplemental jurisdiction over the IIED claim and dismissing it without prejudice, notwithstanding its contemporaneous rejection of Sullivan and Berline's motion for summary judgment as to that claim. There is, moreover, no need for us to edit the district court's opinion.

Booker served seventeen years in prison after being wrongly convicted of rape, kidnapping, robbery, and gross sexual imposition. After Booker was paroled and released, a state court judge ordered the forensic evidence in Booker's case to be retested using modern procedures. This testing proved that Booker was innocent and revealed the identity of the real perpetrator.

Booker subsequently sued the state of Ohio and received compensation. Booker then filed this case in federal court against the city of Beachwood and two of its police officers, Sullivan and Berline. After the district court ruled on the defendants' motion for judgment on the pleadings, Booker's following claims remained: (1) state law claims for malicious prosecution and IIED against the city, Sullivan, and Berline; and (2) federal claims for due process violations, malicious prosecution, and civil conspiracy against Sullivan and Berline.

The defendants then moved for summary judgment. The district court granted judgment in favor of the defendants on all of Booker's claims, except his IIED claim against Sullivan and Berline. The district court reasoned that the IIED claim was timely under the applicable statute

of limitations, and denied summary judgment as to that claim. However, at the end of its

opinion, the district court stated that it "declines supplemental jurisdiction over the remaining

state law [IIED] claim against Defendants Sullivan and Berline pursuant to 28 U.S.C. §

1367(c)(3) and dismisses such claim without prejudice."

Sullivan and Berline now appeal. They argue that the district court should have granted

their motion for summary judgment as to the IIED claim instead of dismissing it without

prejudice. They also argue, in the alternative, that in light of the district court's decision to

decline supplemental jurisdiction over the IIED claim, its discussion of the merits of that claim

constitutes an improper advisory opinion that should be vacated.

The district court did not abuse its discretion by declining supplemental jurisdiction over

Booker's IIED claim and dismissing it without prejudice. Therefore, this court need not decide

whether the district court should have granted Sullivan and Berline's motion for summary

judgment as to that claim. This court also need not vacate the portion of the district court's

opinion discussing the merits of the IIED claim because that discussion has no legal effect on the

parties in any future proceeding.

Once the district court dismissed all of the claims over which it had original jurisdiction,

it acted squarely within its discretion by declining supplemental jurisdiction over the remaining

IIED claim and dismissing it without prejudice. *See* 28 U.S.C. § 1367(c)(3). When, as here, "all

federal claims are dismissed before trial, the balance of considerations usually will point to

dismissing the state law claims." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).

Moreover, the district court did not err by declining supplemental jurisdiction after holding the IIED claim to be timely and denying Sullivan and Berline's motion for summary judgment as to that claim. The district court had the discretion to decline supplemental jurisdiction over the IIED claim at any stage of the litigation. *See Nails v. Riggs*, 195 F. App'x 303, 313 (6th Cir. 2006) (citing *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). The Supreme Court has even contemplated a scenario in which a district court could decline supplemental jurisdiction over a state law claim during trial. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727 (1966). In short, the district court did not abuse its discretion by declining supplemental jurisdiction over the IIED claim when it did. Therefore, this court need not decide whether the district court should have granted Sullivan and Berline's motion for summary judgment as to the IIED claim.

This court also need not vacate the portion of the district court's opinion discussing the merits of Booker's IIED claim because that discussion has no legal effect on the parties in any future proceeding. Sullivan and Berline characterize the district court's discussion as an advisory opinion. Whether that characterization is accurate is immaterial. If Booker sues Sullivan and Berline in state court for IIED, the state court would not be bound by the district court's discussion of that claim. Therefore, there is no need for this court to vacate the district court's discussion of the merits of Booker's IIED claim.

For the foregoing reasons, we affirm the district court's judgment.

No. 10-3549
*Donte Booker v. City of Beachwood, et al.*